Leslie A. Cohen, Esq. (SBN: 93698)
        leslie@lesliecohenlaw.com
J'aime Williams Kerper, Esq. (SBN 261148)
        jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
1615-A Montana Avenue
Santa Monica, CA 90403
Telephone:  (310) 394-5900
Facsimile:  (310) 394-9280

*Proposed* Attorneys for Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

*In re*

Ashkan Mirfakhr Rajaee and Nassim Rajaee,

Debtor(s)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 24-00617-CL11

Chapter 11

**EX PARTE APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LESLIE COHEN LAW, PC AS BANKRUPTCY COUNSEL; DECLARATION OF LESLIE A. COHEN**

Date: No hearing required
Dept:
Judge: Hon. Christopher B. Latham

TO THE HONORABLE CHRISTOPHER B. LATHAM, UNITED STATES BANKRUPTCY

JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL INTERESTED

PARTIES:

    Ashkan Mirfakhr Rajaee and Nassim Rajaee ("**Debtors**" or "**Applicants**") hereby

seeks Court approval to employ LESLIE COHEN LAW, PC (the "**Firm**") as bankruptcy

counsel for the Debtor on the terms and conditions described below.  In support of this

Application (the "**Application**"), Applicants respectfully allege as follows:

## **BACKGROUND**

On February 26, 2024 (the "**Petition Date**"), Applicants filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

Applicants manage their estate as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

Applicants propose to employ LESLIE COHEN LAW, PC (the "**Firm**"), as bankruptcy counsel.  Applicants believe that the employment of the Firm is in the best interest of the Debtors' estate.

The Firm is composed of attorneys who specialize in bankruptcy and related matters, including associated litigation, and is well qualified to represent Applicants.  All attorneys associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Southern District of California.

Attached hereto as ***Exhibit "A"*** is a copy of the Firm's resume.

Attached hereto as ***Exhibit "B"*** is a copy of the Firms engagement agreement with the Debtors.[1]

Attached hereto as ***Exhibit "C"*** is a copy of the proposed order concerning this Application.

## **SCOPE OF EMPLOYMENT**

Applicants require bankruptcy counsel in order to render the following illustrative types of professional services within the context of this pending Chapter 11 case:

a.     To advise regarding Applicants' rights and responsibilities as a Chapter 11 debtor and a debtor in possession, including the requirements of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy

---

[1] Attorney-client privileged provisions and disclosures relating to strategy (not compensation) have been redacted.

Rules, and how the application of such provisions relates to the administration of Applicant's estate, excluding adversary proceedings;

       b.      To advise and to assist Applicants in connection with the preparation of certain documents to be filed with the Bankruptcy Court and/or the Office of the United States Trustee;

       c.      To represent Applicants, with respect to bankruptcy issues, in the context of Applicants' pending Chapter 11 case and to represent Applicants in contested matters as would affect the administration of the Debtor's case, except to the extent that any such proceeding pertains to the excluded services described above or requires expertise in areas of law outside of the Firm's expertise;

       d.      To advise, to assist and to represent Applicants in the negotiation, formulation and attempted confirmation of a plan of reorganization;

       e.      To render services for the purpose of pursuing, litigating and/or settling litigation as may be necessary and appropriate in connection with this case, including without limitation objections to claims.  The Firm reserves the right to amend this Application and/or seek a further retainer for any adversary proceedings which are not currently included in the Firm's representation of Applicants.

The members of the Firm are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, and shall comply with them. The Firm understands the provisions of Title 11, U.S.C. §§ 328, 329, 330 and Bankruptcy Rule 2016, which require, among other things, Court approval of employment of professionals, and Court authorization of any fees and costs that the Firm will receive from Applicants, after notice and hearing, as required under Rule 2002 of the Federal Rules of Bankruptcy Procedure.

<u>**TERMS OF EMPLOYMENT**</u>

The Firm has agreed to accept as compensation for its services such sums as may be allowed, based upon time spent and services rendered, results achieved, difficulties encountered, and other appropriate factors.

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LESLIE COHEN LAW PC AS  BANKRUPTCY COUNSEL

The current hourly rates charged by each attorney and paraprofessional employed by the Firm that may be rendering services in this case are as follows:

Leslie Cohen  --  $625/hr

J'aime Williams Kerper  --  $440/hr

Senior Contract Attorneys - $350/hr

Legal Administrator - $125/hr

Other paraprofessionals -- $110/hr

The Firm received pre-petition retainers totaling $58,200 which was paid by the Applicants[2].  Of this amount, $23,743.50 was expended on pre-petition services (including extensive consultation with the Debtors during the six months pre-petition) and the filing fee.  The balance of $34,456.50 will be deposited in a segregated trust account per the requirement of the United States Trustee.  The attached declaration of Leslie Cohen sets forth the compensation paid and to be paid in accordance with § 330.

The Firm requests authorization to draw down from the total retainer in trust on a monthly basis.  As part of the requested drawdown process, the Firm will provide copies of its invoices to the Office of the United States Trustee and the Debtors 10 days prior to drawing the funds.

Once the retainer is exhausted, the Firm shall be kept current on a monthly basis, paid from non-estate sources, or by the estate upon noticed fee applications, with all payments from the estate subject to approval per the terms of the Bankruptcy Code and this Court's rules, or paid by the estate upon noticed fee application(s).  The Firm understands that its compensation is subject to the provisions of Bankruptcy Code §§ 329(a) and 330, and intends to seek approval of fees under Section 330.

There is currently no third-party payor in this case and, if one should arise, the Firm will confer with the Office of the US Trustee and disclose the terms of the financial

---

[2] Debtors have advised the firm that $45,000 of the prepetition retainers was compensation due to the Debtor by Foundation International which was paid directly to the Firm by Foundation International.

1  arrangement. Any drawdown of fees and costs incurred will be made in accordance with

2  and subject to the draw-down and fee application requirements of the U.S. Bankruptcy

3  Court and the Bankruptcy Court's order approving the Firm's employment.

4      The Firm will submit regular and noticed fee applications for approval of all fees

5  paid or to be paid by the estate, as prescribed by the Bankruptcy Code and Local

6  Bankruptcy Rules.  The Firm's employment is contingent upon the Bankruptcy Court

7  approving the fee procedure as described herein.

8                                    **THE FIRM IS DISINTERESTED**

9      To the best of the Applicants' knowledge and as set forth in the attached

10  Declaration of Leslie A. Cohen (the "**Cohen Declaration**") filed concurrently herewith,

11  Applicant believes that the Firm is a "disinterested person" within the meaning of Section

12  101(14) of the Bankruptcy Code and that the Firm does not hold any interest adverse to

13  the estate.  To the best of the Firm's knowledge, other than as disclosed herein, the Firm

14  does not have any connections to the Debtors, creditors in this case, any other party in

15  interest, their respective attorneys and/or accountants, the United States trustee, or any

16  person employed in the office of the United States trustee.

17      The Firm does not have any pre-petition claims against the Debtors.  The Firm has

18  not received, and has no present plans to receive, any lien or other interest in property of

19  the Debtors or of a third party to secure payment of the Firm's fees.

20      WHEREFORE, Applicants request that this Court authorize the employment of

21  Leslie Cohen Law, PC, at the expense of the estate, as bankruptcy counsel for the Debtor

22  and Debtor in Possession effective as of February 26, 2024.

23  RESPECTFULLY SUBMITTED,

24  Dated: March 20, 2024

25

26                                    By

27                                         Ashkan Mirfakhr Rajaee and Nassim
                                              Rajaee
28                                         Debtors-in-Possession

Dated: March 20, 2024                    LESLIE COHEN LAW, PC

                                         By      /s/ Leslie A. Cohen
                                                LESLIE A. COHEN
                                            (Proposed) Attorneys for Debtor

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LESLIE COHEN LAW PC AS  BANKRUPTCY COUNSEL

<u>DECLARATION OF LESLIE A. COHEN</u>

I, Leslie A. Cohen, declare as follows:

1.       I am a member, in good standing, of the Bar of the State of California, and I am admitted to practice before, among other courts, the United States District Court for the Central District of California.  I am the president and sole shareholder of Leslie Cohen Law, PC (the "Firm"), proposed attorneys for Ashkan Mirfakhr Rajaee and Nassim Rajaee in this chapter 11 case.  I have personal knowledge of the matters set forth below and, if called to testify, I would and could competently testify thereto.

2.       I am personally familiar with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and all members of the Firm intend in all respects to comply with same.

3.       The Firm is composed of attorneys who specialize in bankruptcy and related matters, including associated litigation, and is well qualified to represent Applicants.  All attorneys associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Southern District of California.

4.       The members of the Firm are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, and shall comply with them.  The Firm understands the provisions of Title 11, U.S.C. §§ 328, 329, 330 and Bankruptcy Rule 2016, which require, among other things, Court approval of employment of professionals, and Court authorization of any fees and costs that the Firm will receive from Applicants, after notice and hearing, as required under Rule 2002 of the Federal Rules of Bankruptcy Procedure.

5.       The Firm has agreed to accept as compensation for its services such sums as may be allowed, based upon time spent and services rendered, results achieved, difficulties encountered, and other appropriate factors.

6.       The current hourly rates charged by each attorney and paraprofessional employed by the Firm that may be rendering services in this case are as follows:

Leslie Cohen  --  $625/hr

J'aime Williams Kerper  --  $440/hr

Senior Contract Attorneys - $350/hr

Legal Administrator - $125/hr

Other paraprofessionals -- $110/hr

7.    The Firm received pre-petition retainers totaling $58,200 which was paid by the Applicants3.  Of this amount, $23,743.50 was expended on pre-petition services (including extensive consultation with the Debtors during the six months pre-petition) and the filing fee.  The balance of $34,456.50 will be deposited in a segregated trust account per the requirement of the United States Trustee.  The attached declaration of Leslie Cohen sets forth the compensation paid and to be paid in accordance with § 330.

8.    The Firm requests authorization to draw down from the total retainer in trust on a monthly basis.  As part of the requested drawdown process, the Firm will provide copies of its invoices to the Office of the United States Trustee and the Debtors 10 days prior to drawing the funds.

9.    Once the retainer is exhausted, the Firm shall be kept current on a monthly basis, paid from non-estate sources, or by the estate upon noticed fee applications, with all payments from the estate subject to approval per the terms of the Bankruptcy Code and this Court's rules, or paid by the estate upon noticed fee application(s).  The Firm understands that its compensation is subject to the provisions of Bankruptcy Code §§ 329(a) and 330, and intends to seek approval of fees under Section 330.

10.    There is currently no third-party payor in this case and, if one should arise, the Firm will confer with the Office of the US Trustee and disclose the terms of the financial arrangement. Any drawdown of fees and costs incurred will be made in accordance with and subject to the draw-down and fee application requirements of the

---

[3] Debtors have advised the firm that $45,000 of the prepetition retainers was compensation due to the Debtor by Foundation International which was paid directly to the Firm by Foundation International.

U.S. Bankruptcy Court and the Bankruptcy Court's order approving the Firm's employment.

11.    The Firm will submit regular and noticed fee applications for approval of all fees paid or to be paid by the estate, as prescribed by the Bankruptcy Code and Local Bankruptcy Rules.  The Firm's employment is contingent upon the Bankruptcy Court approving the fee procedure as described herein.

12.    I am informed and believe that the Firm does not have any connections to the Debtors, creditors in this case, any other party in interest, their respective attorneys and/or accountants, the United States trustee, or any person employed in the office of the United States trustee and that the Firm is a "disinterested party" as defined in 11 U.S.C. § 101(14).

13.    The Firm does not have any pre-petition claims against the Debtors.  The Firm has not received, and has no present plans to receive, any lien or other interest in property of the Debtors or of a third party to secure payment of the Firm's fees.

14.    No attorney at the Firm currently represents a creditor, general partner, lessor, lessee, party to an executory contract of the Debtors, or any person otherwise adverse or potentially adverse to the estate, on any other matter, whether such representation is related or unrelated to the Debtors or the estate.

15.    No attorney at the Firm has any connection with the United States Trustee or any employee of that office.

16.    No attorney at the Firm has been paid fees prepetition other than as disclosed herein, nor holds a security interest, guarantee or other assurance of compensation for services performed or to be performed in the case.

17.    There is no agreement as the sharing of compensation to be paid to the Firm other than amongst the Firm's members.

18.    No attorney in the firm has any other interest, direct or indirect, which may affect the proposed representation of the Debtors.

19.    Attached hereto as *Exhibit "A"* is a copy of the Firm's resume.

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LESLIE COHEN LAW PC AS BANKRUPTCY COUNSEL

20.     Attached hereto as **Exhibit "B"** is a copy of the Firms engagement agreement with the Debtors. Attorney-client privileged provisions and disclosures relating to strategy (not compensation) have been redacted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 20th day of March 2024 at Santa Monica, CA.


/s/ Leslie A. Cohen
Leslie A. Cohen

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LESLIE COHEN LAW PC AS BANKRUPTCY COUNSEL

# EXHIBIT A

1

## **EXHIBIT A**

2    **Leslie A. Cohen** is an attorney and is the owner the firm.  Ms. Cohen is a graduate of the

3    UCLA School of Law and has spent her entire career representing various businesses

4    and individuals in bankruptcy cases, financial disputes, structuring, restructuring, and

5    reorganization, and associated litigation and appeals.   Ms. Cohen has represented

6    numerous asset purchasers and sellers in negotiating and litigating bankruptcy

7    acquisitions and contract assumptions and rejections.  In addition to Ms. Cohen's

8    bankruptcy litigation expertise, she also advises companies on structuring and funding of

9    special purpose entities, distress acquisitions, and related transactions.  She is admitted

10    to the State Bar of California and all federal and bankruptcy courts within the State of

11    California.

12

13    **J'aime Williams Kerper** is Junior Partner at the firm.  Ms. Kerper received her Juris

14    Doctor and Master of Dispute Resolution from Pepperdine University School of Law,

15    where she received Juris Doctor and Master's of Dispute Resolution degrees.  During her

16    law school career, served as Managing Editor of the National Association of

17    Administrative Law Judges Journal.  She participated in national and international moot

18    court competitions and was a member of the Regional Finalist team at the 2007

19    Constance Baker Motley Moot Court in Los Angeles, the Semi-Finalist team at the 2008

20    Craven Moot Court in North Carolina, and the Quarter-Finalist team at the 2008 William C.

21    Vis (West) International Commercial Arbitration Moot held in Vienna, Austria.  Ms. Kerper

22    also externed for Judge Barry Russell of the U.S. Bankruptcy Court Central District of

23    California. She is admitted to the State Bars of California and Washington.

24

25    The Firm from time to time engages well qualified bankruptcy attorneys on a contract as is

26    and may include said attorneys in fee applications and/or draw down notices in this case.

27

28

# **EXHIBIT B**



1615-A MONTANA AVENUE
SANTA MONICA, CA 90431
LESLIE@LESLIECOHENLAW.COM
TEL. 310 394 5900
FAX. 310 394 9280

February 15, 2024

<span style="float:right">ATTORNEY-CLIENT
COMMUNICATION</span>

<u>VIA E-MAIL</u>

ASHKAN AND NASSIM RAJAEE
RAJAEE.ASHKAN@GMAIL.COM

    Re: <u>Engagement Letter</u>

    We are pleased that you have decided to retain Leslie Cohen Law, P.C. (the "Firm") for the matters described below. This letter confirms our agreement regarding the terms and conditions of our engagement (the "Agreement"). The Agreement will take effect (subject to court approval as described below), when you return a signed copy of this Agreement, and pay the balance of retainer due as called for under Paragraph 3, below. The terms of this Agreement shall supercede any and all prior agreements between the Client and the Firm.

    **1.**    **SCOPE OF SERVICES.**  Askhan and Nassim Rajaee (together, "**Client**") are retaining the Firm to serve as chapter 11 counsel of record, subject to and conditioned upon court approval of the terms described herein, for Client's bankruptcy case to be filed in the Southern District of California, including pre-petition advice and preparation relative to the proposed chapter 11 case. The Firm's engagement is contingent upon the Court's approval of the terms contained herein and the Application to Employ to be filed after the Firm's receipt of the retainer funds as described in Paragraph 3 below and once the bankruptcy case has been initiated. Services in any matter not described above, including representation in any adversary proceedings, will require a separate written agreement, but in the absence of a separate written agreement, the Agreement will apply to services provided to Client in other matters. The Firm represents only those who are signatories to this Agreement. In the event that the Bankruptcy Court does not approve the terms of the Firm's employment for the Client's bankruptcy estate, the Firm will be entitled to draw all fees incurred to date from the retainer. Parties to this Agreement shall have the absolute right to terminate this Agreement if not approved by the Bankruptcy Court within 45 days from the execution hereof.

    **2.**    **CLIENT'S OBLIGATIONS; CONFLICT WAIVER.**  Client agrees to be truthful, cooperative, abide by this Agreement, timely pay the Firm's bills, and keep the Firm advised of Client's address and telephone number. Client will assist the Firm in providing necessary information and documents and will appear when necessary at legal proceedings. Client waives any conflicts arising from

February 15, 2024
Page 2

ATTORNEY-CLIENT
COMMUNICATION

the Firm's representation of the joint debtors as may be applicable, if any, and agrees to sign a separate conflict waiver upon request.

**3.      RETAINER**. The Firm is requesting a retainer in the total amount of $45,000 plus the $1,738 filing fee, for a total of $46,738.  Of this amount, $45,000 has already been paid and is being held in the Firm's client trust account, and the balance of $1,178 is still due.  The Firm will bill against the retainer, pending court approval of its employment.  Amounts incurred prior to the petition filing will be deducted before the case is filed and the balance will be held in a segregated client trust account.  Once the Firm's employment is approved by the Court, the draw down of fees and costs incurred against the retainer will be made in accordance with and subject to the draw down and fee application requirements of the US Bankruptcy Court and the Bankruptcy Court's order approving the Firm's employment.  Once the retainer is exhausted, the Firm shall be kept current on a monthly basis from non-estate sources and/or from the estate upon noticed fee application(s).  Client has indicated that the non-estate source will be their parents, and the Firm will be required to disclose that to the Court.  The Firm's employment is contingent upon the Bankruptcy Court approving the fee procedure as described herein. Should Court approval not be obtained, the Firm reserves the right to withdraw as counsel for the Client. Should additional services be required beyond those stated in Part 1, the Firm reserves the right to request an additional retainer agreement as warranted. Unless otherwise agreed in writing, any retained funds unused at the conclusion of Firm's services, if any, will be refunded. Client acknowledges that retainer amounts are not an estimate of total fees and costs, but merely an advance for security.

**4.      FEES**.  Client agrees to pay the Firm's prevailing hourly rates for all time spent on Client's matter by the Firm's legal personnel. Our current rates are $125 per hour for clerks/admin personnel, $175 per hour for paralegal, $440 per hour for Junior Partner J'aime Williams, $350 for contract attorneys, and $625 per hour for Leslie Cohen.  The Firm's rates are subject to change on notice to Client.  Time charged includes time spent by Firm attorneys or other personnel on telephone calls relating to Client's matter, including calls with Client, witnesses, opposing counsel, other lawyers in the Firm or court personnel. The Firm will charge for waiting time in court and elsewhere and for travel time, both local and out of town. If fees and costs are not paid in a timely manner, the Firm may withdraw as counsel.  All fees paid from the estate are subject to court review and approval upon a noticed fee application.

**5.      COSTS AND OTHER CHARGES.**  The Firm will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs, disbursements and expenses in addition to the hourly fees. Costs and expenses commonly include service of process charges, filing fees, court and deposition reporters' fees, jury fees, notary fees, deposition costs, long distance telephone charges, messenger and other delivery fees, postage, photocopying and other  reproduction costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultants' fees, expert witness, professional, mediator, arbitrator and/or special master fees and other similar items. It is the Firm's policy not to advance costs in amounts exceeding $100.00. Client agrees to pay all costs whether billed directly to Client or to the Firm. The Firm reserves the right to request that Client advance costs to be paid on Client's behalf.

February 15, 2024
Page 3

Should out of town travel become necessary or appropriate, Client agrees to pay transportation, meals, lodging and all other costs of any necessary out-of-town travel by legal personnel. Client will also be charged the hourly rates for the time legal personnel spend traveling.

      **6.**     **BILLING STATEMENTS AND FEE APPLICATION.** The Firm will send Client periodic statements for fees and costs incurred. Each statement will be payable upon receipt subject to the requirements of the bankruptcy court order approving the Firm's employment to the extent that estate funds are being used to pay fees and costs. The statements shall include the amount, rate, basis of calculation or other method of determination of the fees and costs, and such costs will be clearly identified by item and amount. Occasionally, we may defer billing if the accrued fees and costs do not warrant current billing or if other circumstances would make it more convenient to defer billing. If the Client objects to any of the Firm's billed fees, the objection must be made within 30 calendar days of receipt of invoice, or objections will be deemed waived. Fees payable by the estate are subject to court approval upon a fee application.

      **7.**     **TERMINATION.** This Agreement and the Firm's employment will terminate upon the occurrence of any of the following: a) Discharge or withdrawal of the Firm as described in paragraph 8 below; b) Conversion of the case to chapter 7; c) Dismissal of the chapter 11 case; d) appointment of a chapter 11 trustee in Client's case; (e) entry of a court order authorizing the Firm to withdraw as counsel; f) entry of a bankruptcy court order denying approval of the Firm's employment on the terms described herein; g) failure to obtain Bankrutpcy Court approval of the Firm's employment within 45 days from the execution of this Agreement. Should the case be converted or a chapter 11 trustee appointed, the Firm will be unable to be compensated from the estate as counsel of record. As such, Client will need to enter into a new engagement agreement should it wish to retain the Firm for chapter 7 or post-trustee appointment services

      **8.**     **DISCHARGE AND WITHDRAWAL.** Client may discharge the Firm at any time. The Firm may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this Agreement, refusal to cooperate or to follow the Firm's advice on a material matter or any fact or circumstance that would render the Firm's continuing representation unlawful or unethical, or for non payment of fees and costs by Client, or the failure of the Bankruptcy Court to approve the terms of this agreement, or should the Firm learn information that would impair the Firm's ability to effectively represent Client. Client will provide the Firm with an executed Substitution of Attorney form prior to filing Client's bankruptcy case, which Client agrees the Firm may file without notice in the event that any of the events in this paragraph occur, if Client fails to pay amounts due from non-debtor sources, or in the event of other good cause. In addtion, the Firm's representation will terminate upon the occurrence of any of the following events: 1 - dismissal of the case; 2 – appointment of a chapter 11 trustee; 3 – conversion of the case to chapter 7; 4 – court approval upon a motion to withdraw; 5 - entry of a final decree closing the Client's case. All unpaid charges will immediately become due and payable upon termination of the agreement. The Firm maintains a paperless office. All hard copies of any document received by the Fim will be scanned into electronic format and then the hard copy will be destroyed. The Firm will, upon Client's request, provide the Client with an electronic copy of Client's file, and property in the Firm's possession unless subject to lien. If Client does not request such files and property, we will retain them for a period of 3 years after the conclusion of such services or termination of the Firm's engagement. If Client does not

February 15, 2024
Page 4

request such files and property prior to the end of such period, the Firm will have no further obligation to retain them and may, in our sole discretion, destroy or discard them, without further notice.

9.    **DISCLAIMER OF GUARANTEE AND ESTIMATES; RISK FACTORS.**  Nothing in this Agreement and nothing in the Firm's statements to Client will be construed as a promise or guarantee about the outcome of the matter.  The Firm makes no such promises or guarantees.  The Firm's comments about the outcome of the matter are expressions of opinion only.  Any estimate of fees given by the Firm shall not be a guarantee.  Actual fees may vary from estimates given.



February 15, 2024
Page 5



10.     **FEE DISPUTES**.  Any dispute between us concerning our fees or charges shall, if the Company so elects, be submitted to arbitration under rules of the California State Bar (the "Rules"), and shall be binding if (a) each of us so agrees, or (b) if the arbitration becomes binding under the Rules. Mandatory binding arbitration in Los Angeles, California shall be used for any dispute between us concerning our fees or charges that is not submitted to binding arbitration under the rules of the Bar, or that remain unresolved after non-binding arbitration under the Rules, as well as for any other dispute between the Company and us.  This includes any claim of malpractice, errors or omissions, or any other claim of any kind regardless of the facts or the legal theories.

California law (the "Law") shall govern the arbitration.  Subject to then current Law, the prevailing party in any action or proceeding to enforce any provision of this Agreement, whether the action contains contract claims, tort claims or both, will be awarded attorneys' fees and costs incurred in that action or proceeding.  Without limitation, the award of attorneys' fees and costs shall include the value of the time spent by the Firm's attorneys to prosecute or defend an action (calculated at the then hourly rates charged by the Firm to its clients for hourly rate work performed by the attorney(s) working on the action), and the costs incurred by the Firm in that connection.

The arbitration will be held before ADR Services, Inc., subject to the rules of the California Code of Civil Procedure for contractual arbitration, including Section 1283.05 as to discovery.  There shall be a single arbitrator, selected by the parties from a panel of five to be provided by ADR after each side has declined two or by mutual consent, who shall be either an attorney or a retired state court judge with at least five years' experience prosecuting, defending, arbitrating, mediating and/or judging disputes regarding attorney-client matters.  The demand for arbitration shall set forth the allegations and the party served shall

February 15, 2024
Page 6

serve a responsive pleading, setting forth a response to the allegations, including affirmative defenses, if any. Any party may serve a cross-demand for arbitration.

All pleadings shall comply with the requirements for a complaint, answer and cross-complaint filed in a court action. If a conflict exists between the provisions of the Law and this letter, the language of this letter shall control. The California Evidence Code shall govern the arbitration. Expert testimony shall be permitted according to the same standard as allowed in a court of law. The parties may conduct any discovery permitted under the Law, subject to reasonable limitations imposed by the arbitrator, and the arbitrator shall adjudicate any dispute regarding discovery.

The decision of the arbitrator shall be consistent with then current Law and shall include written findings of fact and conclusions of law. The arbitrator shall not have the power to commit errors of law or legal reasoning, errors of fact or errors with regard to mixed questions of law and fact. In addition, the arbitrator shall not have the power to render an award not based on substantial evidence or based, in whole or in part, on evidence not presented at the hearing. If the arbitrator exceeds any of the foregoing specific powers, the award may be vacated or corrected by filing a petition pursuant to the Law in the Superior Court in and for the County of Los Angeles, State of California. In reviewing the award, the Superior Court shall sit as if it were an appellate court in all respects, including to the scope of the Court's review. The decision of the Superior Court is, itself, subject to appellate review.

We mutually acknowledge that, by this letter agreement to arbitrate, each of us irrevocably waives our rights to court or jury trial. The Company acknowledges that it has had the opportunity to consult separate legal counsel as to whether to enter into this engagement letter or consent to the foregoing agreement to arbitrate.

**11.      ARBITRATION OF NON-FEE DISPUTES**. Any dispute, other than a fee dispute described in Paragraph 10, arising out of or relating to this Agreement or the Firm's performance of legal services hereunder, shall be resolved at the request of any party by final and binding arbitration before JAMS to be conducted by a single arbitrator with experience as a California judge. The arbitration will be conducted at a location determined by the arbitrator in Los Angeles County, California, and administered by and in accordance with the then existing Streamlined Rules of Practice and Procedure of JAMS (a copy of these rules will be furnished to Client upon request). In rendering the award, the arbitrator shall determine the rights and obligations of the parties according to the substantive and procedural laws of California. Client acknowledges that by agreeing to arbitration, Client is giving up the right to a jury trial. Judgment on any arbitration award may be entered by any court of competent jurisdiction.

**12.      ENTIRE AGREEMENT**. This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

**13.      SEVERABILITY IN EVENT OF PARTIAL INVALIDITY**. If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

February 15, 2024
Page 7

**14.    MODIFICATION BY SUBSEQUENT AGREEMENT**.  This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them.

**15.    EFFECTIVE DATE**.  This Agreement will govern all legal services performed by the Firm on behalf of Client commencing with the date the Firm first performed services.  The date at the beginning of this Agreement is for reference only.  Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.  Client shall receive a fully executed duplicate of this Agreement.

Very truly yours,


Leslie A. Cohen

February 15, 2024
Page 8

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE THE FIRM FIRST PROVIDED SERVICES.  EACH PERSON SIGNING THIS AGREEMENT BELOW AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT.


Signature:_____

Name:  Askhan Rajaee


Signature:_____

Name:  Nassim Rajaee

# EXHIBIT C

**CSD 1001C** [07/01/18]

Name, Address, Telephone No. & I.D. No.

Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime Williams Kerper, Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
1615-A Montana Avenue Santa Monica, CA 90403
Telephone: (310) 394-5900 Facsimile: (310) 394-9280

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re  Ashkan Mirfakhr Rajaee and Nassim Rajaee,

Debtor.

**LODGED**

BANKRUPTCY NO. 24-00617-CL11

Date of Hearing: None set
Time of Hearing: None set
Name of Judge: Hon. Christopher B. Latham

# ORDER ON
## EX PARTE APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LESLIE COHEN LAW, PC AS BANKRUPTCY COUNSEL

The court orders as set forth on the continuation pages attached and numbered 2 through 2 with exhibits, if any,

for a total of 2 pages.  Notice of Lodgment Docket Entry No. _____ .

//

//

//

//

//

//

//

DATED: _____

_____
Judge, United States Bankruptcy Court

CSD 1001C [07/01/18]                                                                                    Page **2** of **2**

ORDER ON:Ex Parte Application to Employ
DEBTOR:Ashkan Mirfakhr Rajaee and Nassim Rajaee,                          CASE NO:24-00617-CL11

Having reviewed the Ex Parte Application ("Application") for Employment of Leslie Cohen Law PC ("LCL") as Bankruptcy by Ashkan Mirfakhr Rajaee and Nassim Rajaee (the "Debtors") , and the court having been satisfied that the attorney at LCL do not hold nor represent any interest adverse to the estae and is a disinterested person within the meaning of 11 U.S.C. § 101(14) and employment of said attorneys are necessary and in the best interest of the estate, and service appearing proper and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:
1. The Application is approved.
2. The Debtors are authorized to employ LCL as their bankruptcy counsel, effective February 26, 2024, as set forth in the Application.
3. LCL is permitted to drawdown from its prepetition retainer on a monthly basis.  LCL shall provide copies
of its invoices to the Office of the United States Trustee and the Debtors 10 days prior to drawing the funds, which may be drawn if no objection is raised within 10 days.
4. All fees and costs are subject to prior Court approval after appropriate application, notice and hearing.
IT IS SO ORDERED.

CSD 1001C

CSD 3010 [12/01/23]

Name, Address, Telephone No. & I.D. No.
Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime Williams Kerper, Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
1615-A Montana Avenue Santa Monica, CA 90403
Telephone: (310) 394-5900 Facsimile: (310) 394-9280

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re Ashkan Mirfakhr Rajaee and Nassim Rajaee

Debtor(s)

BANKRUPTCY NO. 24-00617-CL11

Plaintiff(s)

ADVERSARY NO.

v.

Defendant(s)

# PROOF OF SERVICE

I,   Clare Hendricks   am a resident of the State of California, over the age of 18 years, and not a party to this action.

On   3/21/2024   , I served the following documents:
EX PARTE APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LESLIE COHEN LAW, PC AS BANKRUPTCY COUNSEL; DECLARATION OF LESLIE A. COHEN

1.    **To Be Served by the Court via Notice of Electronic Filing ("NEF"):**

Under controlling Local Bankruptcy Rules(s) ("LBR"), the document(s) listed above will be served by the court via NEF and hyperlink to the document. On   03/21/2024   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated and/or as checked below:
• Leslie A. Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com
• Elvina Rofael    elvina.rofael@usdoj.gov, Tiffany.L.Carroll@usdoj.gov;USTP.Region15@usdoj.gov
• United States Trustee    ustp.region15@usdoj.gov

☐    Chapter 7 Trustee:

☒    For Chapter 7, 11, & 12 cases:            ☐    For Chapter 13 cases:
UNITED STATES TRUSTEE                      MICHAEL KOCH, TRUSTEE
ustp.region15@usdoj.gov                      mkoch@ch13.sdcoxmail.com

Label Matrix for local noticing
0974-3
Case 24-00617-CL11
Southern District of California
San Diego
Thu Mar 21 15:51:55 PDT 2024

United States Trustee
Office of the U.S. Trustee
880 Front Street
Suite 3230
San Diego, CA 92101-8897

U.S. Bankruptcy Court
Jacob Weinberger U.S. Courthouse
325 West F Street
San Diego, CA 92101-6991

American Express
P.O. Box 981535
El Paso, TX 79998-1535

American Express Legal
Attn: Aaron Baldaro
199 S Los Robles Avenue No. 540
Pasadena, CA 91101-4680

Astute Legal Solicitors & Advocates
36-37 Albert Embankment
London, SE1 7TL United Kingdom

B Riley
Attn: Emily Hayes
299 Park Avenue, 21st Fl
New York, NY 10171-0010

BMO Canada
P.O. Box 11064
Station Centre-Ville
Montreal QC H3C 5A2,

BNSK Attn: Ethan Brown
c/o Brown, Neri, Smith & Khan LLP
11601 Wilshire Blvdsuite 300
Los Angeles, CA 90025-0509

Canada Revenue Agency
1 Front St W
Toronto, ON CANADA,  M5J 2X6

Capital One
P.O. Box 500, Stn. D
Scarborough,
Ontario CANADA,  M1R 0C2

Capital One Financial Corp
1680 Capital One Drive
McLean, VA 22102-3407

Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

Citibank N.A.
c/o Quality Loan Service Corp
2763 Camino Del Rio S
San Diego, CA 92108-3708

Fox Rothchild
Attn: Glenda Martinez
10250 Constellation Blvd. Ste 900
Seattle, WA 9067

Franchise Tax Board
Bankruptcy Section, MS: A-340
P. O. Box 2952
Sacramento, CA 95812-2952

Hub Suite, Inc.
c/o Sergio Antonucci
9159 w. Flamingo Rd, #105
Las Vegas, NV 89147-6454

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

J. Andrew Wright/ Steven J Pearse
Chapman Glucksman
11900 W. Olympic Blvd. Ste. 800
Los Angeles, CA 90064-1146

Kopple Klinger & Elbaz LLP
Attn: Leslie Klinger
10866 Wilshire Blvd Suite 1500
Los Angeles, CA 90024-4355

Lone Mountain Aircraft
1251 W Blee Rd, Hangar 1
Springfield, OH 45502-8902

Lone Mountain Aircraft
c/o Jonathan Ewing, Aero Law Center
1100 Lee Wagener Blvd., Ste 211
Fort Lauderdale, FL 33315-3571

Lone Mountain Aircraft Management LLC
Attn: Mark Rogers
2460 Greentree Rd HNGR 12
Lebanon, OH 45036-9693

Majid Rajaee
54 Loggers Trail
Stouffville, Ontario Canada

Media Magnet, LLC
1401 21st St., Ste R
Sacramento, CA 95811-5226

Midway Rent a Car, Inc.
c/o Richard Scott The Molino Firm
4751 Wilshire Blvd. Ste. 207
Los Angeles, CA 90010-3860

Miller Thomson LLP Attn: Millter Thomson
Scotia Plaza 40 King Street West
Suite 5800
P.O. Box 1011
Toronto, N M5H 3S1 Canada

San Diego City Administration
202 C St.
San Diego, CA 92101-3873

San Diego County Treasurer Tax Collector
1600 8. Pacific Hwy
Room 162
San Diego, CA 92101

Select Portfolio Servicing, Inc.
c/o National Default Servicing Corp
7720 N. 16th St, Ste. 300
Phoenix, AZ 85020-7404

TopDevs, LLC
Attn: Tyler Davis
149 Parkshore Drive
Folsom, CA 95630-4896

TopDevz, LLC
Attn: Tyler Davis
149 Parkshore Drive
Folsom, CA 95630-4896

TopDevz, LLC and Tyler Davis
c/o Kenneth R. Reynolds, Esq.
2020 Hurley Way, Suite 210
Sacramento, CA 95825-3212

Wells Fargo
150 E. 42nd Street
New York, NY 10017-5612

Wells Fargo Bank Small Business Lending Divi
PO Box 29482 MAC S4101-08C
Phoenix, AZ 85038-9482

Ashkan Mirfakhr Rajaee
6625 Muirlands Dr
La Jolla, CA 92037-6314

Leslie A. Cohen
Leslie Cohen Law, PC
1615-A Montana Avenue
Santa Monica, CA 90403-1807

Nassim Rajaee
6625 Muirlands Dr
La Jolla, CA 92037-6314

End of Label Matrix
Mailable recipients    37
Bypassed recipients     0
Total                  37

CSD 3010 [12/01/23]

2.    **Served by United States Mail**:

On ___03/21/2024_____ , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing accurate copies in a sealed envelope in the United States Mail via 1) first class, postage prepaid or 2) certified mail with receipt number, addressed as follows:

See attached

3.    **Served by Personal Delivery, Facsimile Transmission, Overnight Delivery, or Electronic Mail**:

Under Fed.R.Civ.P.5 and controlling LBR, on ___03/21/2024_____ , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission, by overnight delivery and/or electronic mail as follows:

U.S. Trustee: ustp.region15sop@usdoj.gov (Via Email Delivery)

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct.

Executed on ___3/21/2024_____          /s/ Clare Hendricks_____
                    (Date)                                          (Typed Name and Signature)

                                                          1615-A Montana Avenue_____
                                                          (Address)

                                                          Santa Monica, CA 90403_____
                                                          (City, State, ZIP Code)