Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime Williams Kerper, Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
1615-A Montana Avenue
Santa Monica, CA 90403
Telephone: (310) 394-5900
Facsimile: (310) 394-9280

Proposed Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* | Case No. 24-00617-CL11 |
| | Chapter 11 |
| Ashkan Mirfakhr Rajaee and Nassim Rajaee, | **OPPOSITION TO MOTION TO APPOINT A CHAPTER 11 TRUSTEE OR, ALTERNATIVELY, CONVERT CASE TO ONE UNDER CHAPTER 7 DECLARATION OF JOHN MORRIS** |
| Debtor(s) | Date: May 6, 2024<br>Time: 2:00 p.m.<br>Courtroom: 5<br>Room: 318<br>Judge: Hon. Christopher B. Latham |

TO THE HONORABLE CHRISTOPHER B. LATHAM, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL INTERESTED PARTIES:

Ashkan Mirfakhr Rajaee and Nassim Rajaee ("**Debtors**") hereby submit this opposition to the Motion to Appoint A Chapter 11 Trustee Or, Alternatively, Convert Case To One Under Chapter 7 ("**Motion**") [Docket No. 19] filed by TOPDEVZ, LLC and Tyler Davis ("**Movants**"), as follows:

1

## I.  INTRODUCTION

The Motion fails to meet the burden of demonstrating any valid cause or grounds for the appointment of a chapter 11 trustee or conversion of the case to chapter 7. The Motion's arguments for seeking appointment of a trustee or conversion revolve around the parties' contested prepetition arbiration, the judgment which is subject to reversal on appeal, and fail to demonstrate fraud, dishonestly, incompentence or gross mismangement by the Debtors post-petition, or any basis whatsoever for the relief requested.  The Debtors are in compliance with their obligations as a Debtors in Possession, and there is no evidence of post-petition fraud or misconduct that would support appointment of a trustee, nor are the standards met for conversion to chapter 7. Moreover, the appointment of a trustee or conversion to chapter 7 will significantly reduce and delay recovery to unsecured creditors, and therefore will only harm, rather than benefit, creditors.  Accordingly, the Motion should be denied.

## II.  DISCUSSION

### A.  Movants Have Not Demonstrated Grounds To Appoint A Trustee

"The appointment of a trustee in a chapter 11 case is an extraordinary remedy, and there is a strong presumption in favor of allowing the debtor to remain in possession." *In re* Tanglewood Farms, Inc. of Elizabeth City, No. 10–06719, 2011 WL 606820, at *2 (Bankr. E.D.N.C. Feb. 10, 2011) (citing *In re* Heck's Props., 151 B.R. 739, 756 (S.D. W. Va. 1992)); *In re* Taub, 427 B.R. 208, 225 (Bankr. E.D.N.Y. 2010) ("The appointment of a trustee is an unusual remedy and '[t]he standard for § 1104 appointment is very high . . . .'" (quoting Adams v. Marwil (*In re* Bayou Grp., LLC), 564 F.3d 541, 546 (2d Cir. 2009)); see also Committee of Dalkon Shield Claimants v. A.H Robbins Co., Inc., 828 F.2d 239,241 (4th Cir.1987); *In re* Evans, 48 B.R. 46, 47 (Bankr.W.D.Tex.1985); *In re* Eichorn, 5 B.R. 755, 757 (Bankr.D.Mass.1980).

"Courts are divided as to the quantum of proof required, and the issue is unresolved in the Ninth Circuit. Some courts require clear and convincing evidence. Other courts believe that the preponderance of the evidence standard applies.  For the purposes

of this motion, this court assumes the burden of proof most favorable to the debtor in possession, viz. clear and convincing evidence. In re Velde, No. 18-11651-A-11, 2018 Bankr. LEXIS 2810, at *4 (Bankr. E.D. Cal. Sep. 12, 2018) (internal citations omitted).

Because the "appointment of a trustee should be the exception, rather than the rule[,]" In re Sharon Steel Corp., 871 F.2d 1217, 1225–26 (3d Cir. 1989) (citations omitted), the movant must demonstrate, by clear and convincing evidence, the grounds for appointment of a trustee under both subsections of § 1104(a). Tanglewood Farms, 2011 WL 606820, at *2; see In re LHC, LLC, 497 B.R. 281, 291 (Bankr. N.D. Ill. 2013).

The language of § 1104(a)(1) of the Code represents Congressional recognition that some degree of mismanagement exists in virtually every insolvency case. In re Evans, 48 B.R. 46,47 (Bankr.W.D.Tex.1985); In re LaSherene, Inc., 3 B.R. 169, 174 (Bankr.N.D.Ga 1980). The philosophy of Chapter 11 is to give the debtor a "second chance" and, consistent with such philosophy, current management should be permitted to identify and correct its past mistakes. H.R. Rep. No. 595, 95th Cong., 1st Sess. 220 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 6179, 6180.

Here, Movant fails to meet its burden under any of the subsections of 11 U.S.C. 1104(a) or 1112 for the extreme remedy requested.

### 1. No Grounds For Appointment Of A Trustee Under Section 1104(a)(1)

Bankruptcy Code § 1104(a)(1) provides:

"(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee-- (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;"  11 U.S.C. §1104(a)(1).

Here, Movant fails to meet its burden under 11 U.S.C. 1104(a)(1) for the extreme remedy requested.

First, in support for the relief requested, Movants rely primarily on the arbitrator's findings of pre-petition misconduct related to business operations and not the Debtors' personal affairs. The only alleged post-petition misconduct Movants have identified is spending estate monies on court filing fees, which is minimal. Moreover, the arbitrator's findings and the judgment that relies on them are flawed and subject to reversal. The Debtors are in the process of seeking Court approval of appellate counsel, John Morris, whose declaration attached hereto details the compelling reasons the Movant's judgment is likely to be reversed on appeal.

Second, other than their concern about expenditures on filing fees, Movants have not identified anything else happening that would create a risk while the chapter 11 is pending. Accordingly, at minimum, the Court should deny the Motion without prejudice or continue it until the appeal is determined.

Third, any claims of fraudulent transfers of related to the Debtors' real property are moot, as these properties were transferred back to the Debtors prepetition. And, although Movants argue that the properties should not have been encumbered prepetition, they do not point to any order prohibiting the encumbrances.

Finally, and perhaps most relevant to the assertions in the Motion, Debtor Ashkan has obtained documentary evidence that he asserts to establish that he has been a victim of identity theft and other fraudulent misconduct at the hands of Movant Davis. The Debtor respectfully requests that this court consider the unusual circumstances described in Ashkan's declaration to deny the Motion, or at a minimum continue it while the other relevant matters proceed. Debtor also notes that he has filed, in pro per, a verified adversary complaint attaching supporting documentation.

**2. Ashkan's Establishment Of Identity Theft & Other Misconduct**

Ashkan's declaration, which will be filed separately, describes the foregoing matters with supporting documentation which includes SBA loan signed agreements,

4

membership certificates, signed operating agreements, signed contract agreements, copies of Davis' and his companies banking agreements, numerous related bank statements, invoices, contracts, copies of checks signed by Davis, copies of Davis' relevant tax returns, Davis' sworn testimony, sworn declarations, sworn testimony, Davis' secretary of state filings, bank applications etc.

As set forth in his declaration, Ashkan seeks to establish with the court the following, which is further detailed in the declaration:

> "4. The root cause of my filing for bankruptcy arises from creditors' malicious conduct, wrongdoings and related crimes against me. Including their fraudulent judgment against me on August 15, 2023.
>
> 5. Creditor's judgment claim is fraudulent because subsequent to its entry, I discovered and obtained clear and convincing evidence that conclusively demonstrates that the entirety of the arbitrator's findings against me were derived from the proceeds of identity theft, tax fraud, perjury, and other related financial crimes committed by creditor Davis against me in the process of securing a final award and subsequent judgment.
>
> 6. I could not prove my allegations at any time before the judgment was entered because I did not possess the required evidence and I was not aware of material facts that were concealed from me by fiduciary Tyler Davis."

### 3. **No Grounds For Appointment Of A Trustee Under Section 1104(a)(2)**

Bankruptcy Code § 1104(a)(2) provides: "(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee-- (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor." 11 U.S.C. §1104(a)(1).

Here, Movants fail to meet their burden under 11 U.S.C. 1104(a)(2) for the extreme remedy requested. Movants' reliance on In re Celeritas Technologies, LLC, 446 B.R. 514, 518 (Bankr. D.Kans. 2011) to support their claim of "perceived dishonesty" as grounds to

appoint a trustee is unavailing.  Not only is the case non-binding on this Court, but the decision to appoint a trustee in the Celeritas case was based on numerous bad acts by the debtor *during the course of* the bankruptcy case, including "producing illegible ledgers, failing to disclose material information regarding improved finances, and failing to provide candid and accurate information about Debtors' profitability." In re Celeritas Techs., LLC, 446 B.R. 514, 521 (Bankr. D. Kan. 2011).  No such tactics have been employed by the Debtors in this bankruptcy case.

Instead, Movants rely exclusively on pre-petition activity during the hostile arbitration which occurred between Movants and Debtor Ashkan prepetition, which had no impact on any party other than Movants, and which appellate counsel strongly believes should be reversed on appeal.  The Declaration of John Morris attached hereto establishes 3 strong and independent grounds for reversal on appeal:  1) the Arbitrator exceeded her powers: (a) by ruling on Davis's involuntary dissolution claim (an issue expressly reserved by statute and the parties Operating Agreement to the court), (b) by ruling on Davis's voluntary dissolution claims (which Davis never pled, and which drastically changed the nature of his case), and (c) by awarding any relief to TopDevz (since Davis never pled any derivative claims or sought any relief on its behalf); 2) the Arbitrator failed to disqualify herself as was mandatory when she failed to timely disclose or update professional relationships that would cause a reasonable person to question her impartiality; 3) Rajaee's rights were substantially prejudiced by the Arbitrator's refusal to postpone the hearing to permit him to conduct discovery to rebut Davis's unpled claims.

Additionally, Movants fail to demonstrate that the appointment of a chapter 11 trustee would benefit creditors in any way.   If anything, the appointment of a trustee would be detrimental to creditors, due to the substantial expense to the estate and a risk that a trustee may not pursue the appeal, which would be very harmful to all of debtors' creditors. Further, separate from the appeal, the estate has millions in equity that dwarf the monthly operating costs of approx. $12K a month, which is entirely offset by rental income and support from family and friends. The estate's real estate values are rising at a

staggering rate. The Debtor's technology company is worth tens of millions, which was valued in 2020, for the intellectual property alone at $16.15 million. Thus, there is no "continuing" loss that exists.

Ultimately, Movants fail to meet their burden of demonstrating any cause or benefit to support its request for the appointment of a chapter 11 trustee.

### B. <u>Movants Have Not Demonstrated Cause To Convert To Chapter 7</u>

Bankruptcy Code section 11 U.S.C. § 1112(b) provides:

**(1)** Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 [11 USCS §§ 701 et seq.] or dismiss a case under this chapter [11 USCS §§ 1101 et seq.], whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) [11 USCS § 1104(a)] of a trustee or an examiner is in the best interests of creditors and the estate.

…

**(4)** For purposes of this subsection, the term "cause" includes--
   **(A)** substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
   **(B)** gross mismanagement of the estate;
   **(C)** failure to maintain appropriate insurance that poses a risk to the estate or to the public;
   **(D)** unauthorized use of cash collateral substantially harmful to 1 or more creditors;
   **(E)** failure to comply with an order of the court;
   **(F)** unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter [11 USCS §§ 1101 et seq.];
   **(G)** failure to attend the meeting of creditors convened under section 341(a) [11 USCS § 341(a)] or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
   **(H)** failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
   **(I)** failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
   **(J)** failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
   **(K)** failure to pay any fees or charges required under chapter 123 of title 28 [28 USCS §§ 1911 et seq.];
   **(L)** revocation of an order of confirmation under section 1144 [11 USCS § 1144];
   **(M)** inability to effectuate substantial consummation of a confirmed plan;
   **(N)** material default by the debtor with respect to a confirmed plan;

>  **(O)** termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
>  **(P)** failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

In the Ninth Circuit, it is the moving party's burden to establish "cause" under section 1112. See In re Baroni, 36 F.4th 958 (9th Cir. 2022):

> [T]he party seeking conversion, has the burden of establishing cause for granting conversion. And there is significant authority supporting this view. We take this opportunity to likewise establish that the party seeking relief under Section 1112(b)(1) has the initial burden of persuasion to establish that cause exists for granting such relief. Establishing cause is not definitive, of course, because the statute makes clear that even where cause is established, the bankruptcy court must still consider the best interests of creditors and the estate. 11 U.S.C. § 1112(b). It is also well established that bankruptcy courts have broad discretion in deciding whether to grant relief under Section 1112(b)(1), even where cause is established.
> In re Baroni, 36 F.4th 958, 965 (9th Cir. 2022) (internal citations omitted)

Even if cause is established, Section 1112(b)(2) prohibits a bankruptcy court from granting relief under Section 1112(b)(1) if the bankruptcy court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes [one of two enumerated circumstances. Thus, depending on the arguments advanced by the parties, there are three primary inquiries: (1) whether cause exists for granting relief under Section 1112(b)(1); (2) whether granting relief is in the creditors' and the estate's best interests; and (3) if so, which form of relief best serves the creditors' and the estate's interests." In re Baroni, 36 F.4th 958, 965 (9th Cir. 2022) (internal citations omitted).

Of the sixteen factors that can be considered cause to dismiss or convert under 11 U.S.C. § 1112(b), Movants do not event attempt to argue that 14 of the factors are applicable here. Instead, the only factors that they accuse the Debtors of are gross mismanagement of the estate and failure to comply with an order of the Court. Movants' arguments fail to demonstrate cause to convert for several reasons.

First, Movants concede that for purposes of cause to convert, "gross mismanagement" relates to postpetition actions by the Debtor. Nonetheless, their

argument is based on the allegations and findings from the prepetition arbitration award, which is not only subject to appeal, but also insufficient to demonstrate cause to convert and cannot support a finding of gross mismanagement during the chapter 11.

Second, Movants again concede that noncompliance with a court order means this Court, and they do not and cannot cite to any failures by the Debtors here to abide by this Court's orders.

Third, Movant's attempts to characterize this bankruptcy case as a litigation tactic and a 2-party dispute demonstrating the Debtor's bad faith are entirely without foundation. As the docket and the Debtors' schedules demonstrate, the Debtors have numerous creditors and two pieces of real property which were facing foreclosure as of the Petition Date. Movants' judgment is just one piece of the Debtors' reorganization, which may change dramatically depending on the outcome of the appeal, the results of the adversary complaint filed, and Movants' repetitive and self-serving narrative relating to the prepetition arbitration intentionally ignores the other creditors and interested parties in this bankruptcy case.

Moreover, cases where bad faith was grounds for conversion, are entirely factually distinguishable. For example, in <u>Marsch v. Marsch (In re Marsch)</u>, 36 F.3d 825 (9th Cir. 1994), the court found that the Debtor had the ability to satisfy her debts from non-business assets, had used the chapter 11 process to avoid posting an appeal bond, and was not in need of reorganization. Here, unlike in Marsch, the Debtors' current assets are insufficient to satisfy creditors' claims, there is no suggestion that the Debtors are able to post a bond, there are multiple creditors and secured and unsecured claims, and there is no basis to find a lack of good faith. <u>Marsch v. Marsch (In re Marsch)</u>, 36 F.3d 825 (9th Cir. 1994) (citing <u>In re Arnold</u>, 806 F.2d 937, 939 (9th Cir. 1986)).

Overall, Movants fail to demonstrate that any cause exists to convert the Debtors' case, and the Debtor asks this Court, in considering the overall situation and evidence submitted by the Debtor, to deny the motion without prejudice, or at a minimum continue

it until the court has had ample opportunity to weigh the overwhelming new materials submitted by the Debtor.

### 1. CONCLUSION

Based on the Motion and the foregoing, the Debtors respectfully request that this Court enter an order denying the Motion, and granting such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

Dated: April 22, 2024                                    LESLIE COHEN LAW, PC

                                                    By   */s/ Leslie A. Cohen*
                                                         LESLIE A. COHEN
                                                         (Proposed) Attorneys for Debtor

Ashkan Rajaee
888 Prospect St, Unit 200
La Jolla, CA 92037
Telephone: 619-332-6348
Email: prayerforjustice.2022@gmail.com

Pro Se Debtor

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| In re:<br>Ashkan Rajaee and Nassim Rajaee<br><br>Debtors. | Case No. 24-00617-CL11<br><br>Chapter 11<br><br>**DECLARATION OF JOHN MORRIS IN SUPPORT OF OPPOSITION TO CREDITORS' MOTION TO APPOINT A CHAPTER 11 TRUSTEE OR, ALTERNATIVELY, CONVERT CASE TO ONE UNDER CHAPTER 7**<br>**[Doc. No 19]**<br><br>Date: May 6, 2024<br>Time: 2:00 p.m.<br>Ctrm.: 5<br>Room: 318<br>Address: 325 West F. Street, San Diego, CA 92101 |

0

I, John Morris, hereby declare as follows:

1. I am over 18 years old, and I am a resident in San Diego County, State of California. I am an attorney at law duly licensed to practice before all courts in the State of California. I am a partner in law firm Higgs Fletcher & Mack LLP, and I am the counsel of Ashkan Rajaee in another matter. I am familiar with the matters described herein, and if called as a witness to testify about them, I could and would do so.

2. I make this declaration in support of Debtors' Opposition to Creditors' Motion to Appoint a Chapter 11 Trustee or, Alternatively, Convert Case to One Under Chapter 7.

3. In the course of my career, I have consulted with clients on scores of cases involving potential appeals from arbitration rulings. I typically advise clients against pursuing appeals in such cases because the scope of appellate review from arbitration rulings is so narrow.

4. Critically, however, as it applies to this case, California Code of Civil Procedure section 1286.2 provides that a court "shall vacate [an arbitration award]" if it determines the arbitrator "exceeded [his or her] powers," if the arbitrator "failed to disclose a ground of disqualification of which the arbitrator was aware," or if the rights of a party were "substantially prejudiced by the refusal of the arbitrator to postpone the hearing . . . or the refusal of the arbitrators to hear evidence material to the controversy."

5. Having now reviewed the entire trial court and arbitration records in this case, having conducted most of the necessary legal research, and having already prepared a working draft of what I hope soon to complete and file as Rajaee's Opening Brief (once approved by this Court), I have concluded this is the single strongest appeal I have ever consulted on or worked on involving a judgment entered on an arbitrator's award. In fact, the appeal presents three compelling issues (again, with sub-issues) that fit perfectly within the provisions of Section 1286.2 quoted above.

6. First, the Arbitrator exceeded her powers: (a) by ruling on Davis's involuntary dissolution claim (an issue expressly reserved by statute and the parties'

Operating Agreement to the court), (b) by ruling on Davis's voluntary dissolution claims (which Davis never pled, and which drastically changed the nature of his case), and (c) by awarding any relief to TopDevz (since Davis never pled any derivative claims or sought any relief on its behalf). That is a pure legal issue that will be reviewed on appeal under the de novo standard. (See, e.g., *Ahdout v. Hekmatjah* (2013) 213 Cal.App.4th 21, 33 ["[W]hether the arbitrator exceeded his or her powers. . . , and thus whether the award should have been vacated on that basis, is reviewed on appeal de novo"]; *Honchariw v. FJM Private Mortgage Fund, LLC* (2022) 83 Cal.App.5th 893, 899 [same].)

7. Second, the Arbitrator failed to disqualify herself as was mandatory when she failed to timely disclose or update professional relationships that would cause a reasonable person to question her impartiality. That issue will also be reviewed as a question of law under the de novo standard. (See, e.g., *United Health Centers of San Joaquin Valley, Inc. v. Superior Court* (2014) 229 Cal.App.4th 63, 74 ["[T]he trial court's determination whether an arbitrator failed to make required disclosures is reviewed de novo"]; *Mahnke v. Superior Court* (2009) 180 Cal.App.4th 565, 580 ["We independently determine whether the undisputed facts might cause a reasonable person to doubt [the arbitrator's] impartiality."].)

8. Finally, Rajaee's rights were substantially prejudiced by the Arbitrator's refusal to postpone the hearing to permit him to conduct discovery to rebut Davis's unpled claims. This is an issue that will be reviewed on appeal under a more forgiving abuse of discretion standard, but that underscores the Arbitrator's principal error in addressing and purporting to resolve issues that neither Davis nor TopDevz ever pled and over which Rajaee never had notice. (See, e.g., *Atlas Floor Covering v. Crescent House & Garden, Inc.* (1958) 166 Cal.App.2d 211, 216.)"

//
//
//

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed this 17th day of April 2024, at San Diego, California.

_____

John Morris