TENTATIVE RULING

ISSUED BY JUDGE CHRISTOPHER B. LATHAM

| | |
|---|---|
| Bankruptcy Case: | Ashkan Mirfakhr Rajaee and Nassim Rajaee |
| Bankruptcy Number: | 24-00617-CL11 |
| Hearing: | 05/06/2024 2:00 PM |
| Motion: | MOTION TO APPOINT A CHAPTER 11 TRUSTEE OR, ALTERNATIVELY, CONVERT CASE TO ONE UNDER CHAPTER 7 FILED BY TYLER DAVIS, TOPDEVS LLC |

The court has considered Creditors Tyler Davis and TopDevz, LLC's motion to appoint a Chapter 11 Trustee or in the alternative to convert to Chapter 7 (ECF No. 19), Debtors' opposition and accompanying declaration (ECF Nos. 24 & 25), Creditors' reply (ECF No. 28), and its own docket. It will **grant** the motion as follows.

## Background

The parties were once business partners (ECF No. 19). But that relationship eventually soured, leading to arbitration in February 2021 ("the Arbitration"). *Id.* Creditors alleged that Debtor Ashkan Rajaee ("Debtor") was pilfering millions of dollars from their joint venture, TopDevz, LLC. Debtor sought unsuccessfully to enjoin the arbitration twice in the San Diego Superior Court. *Id.* Then he later filed in the Sacramento Superior Court for another temporary restraining order. *Id.* That too, was denied. After holding a trial, the Arbitrator issued a 93-page decision in favor of Creditors in May 2023. Based on those findings, Creditors move to appoint a Chapter 11 Trustee here (ECF No. 19). Debtors oppose (ECF No. 24).

## Legal Standards, Analysis, & Discussion

*Chapter 11 trustee*

Creditors seek appointment of a Chapter 11 trustee under 11 U.S.C. § 1104, or alternatively conversion under § 1112(b) (ECF No. 19). The court is not inclined to impose a Chapter 11 trustee on individual debtors – absent their consent – given that it would potentially violate the Thirteenth Amendment.

"Neither slavery nor involuntary servitude . . . shall exist within the United States. . . ." U.S. CONST. amend. XIII, § 1; *see also Toibb v. Radloff*, 501 U.S. 157 (1991). The court is therefore troubled by the potential unconstitutionality of appointing a Chapter 11 trustee in this case. Although the law is not settled on the topic, it appears that Debtors would be compelled to toil for

1

the benefit of creditors against their will.  The court is therefore not inclined to appoint a trustee.  It will instead only consider conversion to Chapter 7 or dismissal.

*Conversion*

A motion to convert a case pursuant to § 1112(b) "invokes a two-step analysis, first to determine whether 'cause' exists either to dismiss or to convert the Chapter 11 proceeding to a Chapter 7 proceeding, and second to determine which option is in 'the best interest of creditors and the estate.'"  *In re Superior Siding & Window, Inc.,* 14 F.3d 240, 242 (4th Cir. 1994).

"The bankruptcy court has broad discretion in determining what constitutes 'cause' under section 1112(b)."  *In re Sullivan*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014).  It is well settled that the movant bears the burden of establishing by a preponderance of the evidence that cause exists.  *Id.*  "Once the movant establishes cause to convert or dismiss the case, the burden shifts to the party opposing the motion, usually the debtor, to establish grounds for applying the exception under § 1112(b)(2) and avoid conversion or dismissal."  *In re Hoyle*, 2013 WL 210254, at *13 (Bankr. D. Idaho Jan. 17, 2013).

"Cause exists where a debtor lacks good faith in filing its case."  *In re SR Real Estate Holdings, LLC,* 506 B.R. 121, 125 (Bankr. S.D. Cal. 2014); *see also Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 828 (9th Cir. 1994) ("Although section 1112(b) does not expressly require that cases be filed in 'good faith,' courts have overwhelmingly held that a lack of good faith in filing a Chapter 11 petition establishes cause for dismissal.").  A finding of a lack of good faith in bankruptcy proceedings "depends on the totality of the facts and circumstances surrounding the particular case."  *In re Silberkraus*, 253 B.R. 890, 903 (Bankr. C.D. Cal. 2000); *see also In re SR Real Estate Holdings, LLC*, 506 B.R. at 125 ("The existence of good faith depends on an amalgam of factors and not upon a specific fact.").

The bankruptcy court should examine the debtors' financial status, motives, and the local economic environment.") (citing *In re Arnold*, 806 F.2d 937, 939 (9th Cir. 1986)).  In the Ninth Circuit,

> [t]o determine whether a debtor has filed a petition in bad faith, courts weigh a variety of circumstantial factors such as whether: (1) the debtor has only one asset; (2) the debtor has an ongoing business to reorganize; (3) there are any unsecured creditors; (4) the debtor has any cash flow or sources of income to sustain a plan of reorganization or to make adequate protection payments; and (5) the case is essentially a two party dispute capable of prompt adjudication in state court."

*In re St. Paul Self Storage Ltd. P'ship*, 185 B.R. 580, 582-83 (B.A.P. 9th Cir. 1995).  This list is non-exhaustive.

Here, Creditors have sufficiently established by a preponderance of evidence that there is cause for conversion owing to the Arbitration.  The latter took place over fourteen days (ECF No. 19).  And on May 12, 2023, the Arbitrator issued comprehensive findings.  *Id.*  They reflect that Debtor has a history of gross mismanagement, breach of fiduciary duty, and bad faith.  *Id.*

2

Before the Arbitration, Debtor transferred millions away from TopDevz.  *Id.*  But "[d]espite the blizzard of paper produced by Rajaee during the course of the April 2022 hearing proceedings, Rajaee did not produce any records that substantiated or explained" over $7 million in expenses and transfers.  *Id.*  He failed to establish a business justification for the transfers.  On January 6, 2022, the Arbitrator ordered dissolution and removed Debtor as the managing member. *Id.*  Debtor immediately violated that order by transferring over a million dollars into his Canadian bank account – that is now at a zero balance *see* ECF No. 27.  *Id.*  When the Arbitrator later ordered turnover of the January 6th transfer, Debtor failed to comply.  *Id.*

Not only has Debtor exhibited a predilection for violating court orders, he has breached his fiduciary duty.  Debtor owed TopDevz a duty as its CEO and managing member.  His mismanagement of TopDevz's funds – by transferring them to himself or his affiliates – and defalcation on January 6, 2022 rendered TopDevz unable to make payroll and forced it into dissolution.  *Id.*  He concealed his self-dealing and the true state of affairs of TopDevz' finances.  *Id.*  One of his duties was to keep accounting, but he was "unable or unwilling to (a) provide a complete set of bank statements, or (b) explain how these transactions – many of which were six figures – benefitted the LLC."  *Id.*

Further, Debtor's litigation history suggests bad faith.  He attempted to enjoin the arbitration twice: first in the San Diego Superior Court and then in the Sacramento Superior Court.  *Id.*  Both courts denied the requests.  *Id.*  Moreover, filing the same action in a different court after being denied in another suggests forum shopping and bad faith litigation tactics.  And Debtors have appealed the San Diego Court's judgment affirming the Arbitration award but have not posted a bond.  This is suspect under Ninth Circuit precedent.  *See Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 829 (9th Cir. 1994) (holding that there is cause for conversion when a petition is filed to avoid posting a bond, debtors have financial means, and there is no business disruption).  Debtors are individuals and assert no business disruption (ECF No. 1).  And they filed for Chapter 11 relief despite having sufficient assets to pay all their debts.  *Id.*  While solvency on its own is not an indication of bad faith *per se*, they have the financial means to pay all their creditors.  Further, they have not posted an appeal bond.  Thus, Debtors' viability is suspect.  *See In re Marsch*, 36 F.3d at 829.

Therefore, the court finds there is cause for conversion.  And the burden now shifts to Debtors to "demonstrate by evidence that unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate."  *In re Hoyle*, 2013 WL 210254, at *13 (internal citations omitted).  Unless Debtors meet this burden, relief is mandatory.  *In re Hoyle*, 2013 WL 210254, at *13 (citing *In re Roman Kholyavka*, 2008 WL 3887653, at *3 (Bankr. E.D. Pa.  2008)).

> "Those burdens are not just to show "unusual circumstances," but also to satisfy § 1112(b)(2)(A) and (B)(i) and (ii). Thus the Court must convert this case unless: (1) there are proven unusual circumstances that establish such relief is not in the best interests of creditors and the estate, and (2) the debtor establishes (a) there is a reasonable likelihood a plan will be confirmed within a reasonable period of time and (b) the grounds for finding cause include an act or omission (i) for which there exists a reasonable justification and (ii) the acts or omissions will be cured within a reasonable period of time set by the Court."

3

*Id.* Debtors assert that their allegedly newly discovered evidence and likelihood of prevailing on appeal are unusual circumstances. Their argument is not well taken. Opposing the existing factual record is not unusual circumstances. And Debtors do not address how remaining in Chapter 11 benefits creditors. They only assert a delay in recovery to unsecureds and the expense of a trustee if one is appointed. Nor can they now argue they did not have notice that conversion was a possibility since Creditors fully briefed it as alternative relief in their original motion (ECF No. 19).

Further, Debtors have not established the likelihood of a plan, nor explained omissions in their schedules. The most noticeable omission is of Debtors' technology company "worth tens of millions, which was valued in 2020, for the intellectual property alone at $16.15 million" (ECF No. 24). Debtors did not schedule this company. Nor did they schedule Monster Mobile until the most recent amendment (ECF No. 29). This is further evidence that they will continue the prepetition pattern of bad faith. So conversion benefits creditors.

As detailed above, Debtors have exhibited bad faith and untrustworthiness. And currently, they are the only party with standing to claw back any fraudulent prepetition transfers. Further, they have sufficient assets to pay off all their debts: they schedule $90 million in assets and $20 million in liabilities (ECF No. 1). So under Chapter 7 liquidation, creditors should be paid in full.

## Conclusion

For the above reasons, the court **grants** Creditors' motion and **converts** the case to one under Chapter 7. If Debtors are willing to submit on this tentative ruling, they should contact the Courtroom Deputy and opposing counsel. Creditors may then upload an order consistent with this ruling and the court will excuse appearances at the May 6, 2024 hearing.