Order Entered on
May 9, 2024
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| In re: | BANKRUPTCY NO. | 24-00617-CL11 |
|---|---|---|
| ASHKAN MIRFAKHR & NASSIM RAJAEE, | Date of Hearing: | May 6, 2024 |
| | Time of Hearing: | 2:30 p.m. |
| Debtors. | Name of Judge: | Christopher B. Latham |

# ORDER CONVERTING CASE TO CHAPTER 7

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through five (5).

DATED: May 9, 2024

Judge, United States Bankruptcy Court

The court has considered Creditors Tyler Davis and TopDevz, LLC's motion to appoint a Chapter 11 Trustee or in the alternative to convert to Chapter 7 (ECF No. 19), Debtors' opposition and accompanying declaration (ECF Nos. 24 & 25), Creditors' reply (ECF No. 28), oral argument at the May 6, 2024 hearing, and its own docket.  It will **grant** the motion as follows.

## Background

The parties were once business partners (ECF No. 19).  But that relationship eventually soured, leading to arbitration in February 2021 ("the Arbitration").  *Id.*  Creditors alleged that Debtor Ashkan Rajaee ("Debtor") was pilfering millions of dollars from their joint venture, TopDevz, LLC.  *Id.*  Debtor sought unsuccessfully to enjoin the arbitration twice in the San Diego Superior Court.  *Id.*  He later filed in the Sacramento Superior Court for another temporary restraining order.  *Id.*  That too, was denied.  After holding a trial, the Arbitrator issued a 93-page decision in favor of Creditors in May 2023.  Based on those findings, Creditors move to appoint a Chapter 11 Trustee here (ECF No. 19).  Debtors opposed (ECF No. 24).  The court heard extensive oral argument at the May 6, 2024 hearing and took the matter under submission.

## Legal Standards, Analysis, & Discussion

### *Chapter 11 trustee*

Creditors seek appointment of a Chapter 11 trustee under 11 U.S.C. § 1104, or alternatively conversion under § 1112(b) (ECF No. 19).  The court is not inclined to impose a Chapter 11 trustee on individual debtors given that it would potentially violate the Thirteenth Amendment.

"Neither slavery nor involuntary servitude . . . shall exist within the United States. . . ."  U.S. CONST. amend. XIII, § 1; *see also Toibb v. Radloff*, 501 U.S. 157 (1991).  The court is therefore troubled by the potential unconstitutionality of appointing a Chapter 11 trustee in this case.  Although the law on the topic is not fully settled, it appears that Debtors would be compelled to toil for the benefit of creditors against their will.  Notwithstanding any willingness to consent to a Chapter 11 trustee, the court is disinclined to appoint a trustee.  Further, as addressed below, it is not in the best interests of creditors.  So the court will instead only consider conversion to Chapter 7 or dismissal.

### *Conversion*

A motion to convert a case pursuant to § 1112(b) "invokes a two-step analysis, first to determine whether 'cause' exists either to dismiss or to convert the Chapter 11 proceeding to a Chapter 7 proceeding, and second to determine which option is in 'the best interest of creditors and the estate.'"  *In re Superior Siding & Window, Inc.,* 14 F.3d 240, 242 (4th Cir. 1994).

"The bankruptcy court has broad discretion in determining what constitutes 'cause' under section 1112(b)."  *In re Sullivan*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014).  It is well settled that the movant bears the burden of establishing by a preponderance of the evidence that cause exists.  *Id.*

"Once the movant establishes cause to convert or dismiss the case, the burden shifts to the party opposing the motion, usually the debtor, to establish grounds for applying the exception under § 1112(b)(2) and avoid conversion or dismissal." *In re Hoyle*, 2013 WL 210254, at *13 (Bankr. D. Idaho Jan. 17, 2013).

"Cause exists where a debtor lacks good faith in filing its case." *In re SR Real Estate Holdings, LLC,* 506 B.R. 121, 125 (Bankr. S.D. Cal. 2014); *see also Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 828 (9th Cir. 1994) ("Although section 1112(b) does not expressly require that cases be filed in 'good faith,' courts have overwhelmingly held that a lack of good faith in filing a Chapter 11 petition establishes cause for dismissal."). A finding of a lack of good faith in bankruptcy proceedings "depends on the totality of the facts and circumstances surrounding the particular case." *In re Silberkraus*, 253 B.R. 890, 903 (Bankr. C.D. Cal. 2000); *see also In re SR Real Estate Holdings, LLC*, 506 B.R. at 125 ("The existence of good faith depends on an amalgam of factors and not upon a specific fact.").

The bankruptcy court should examine the debtors' financial status, motives, and the local economic environment (citing *In re Arnold*, 806 F.2d 937, 939 (9th Cir. 1986)). In the Ninth Circuit,

> [t]o determine whether a debtor has filed a petition in bad faith, courts weigh a variety of circumstantial factors such as whether: (1) the debtor has only one asset; (2) the debtor has an ongoing business to reorganize; (3) there are any unsecured creditors; (4) the debtor has any cash flow or sources of income to sustain a plan of reorganization or to make adequate protection payments; and (5) the case is essentially a two party dispute capable of prompt adjudication in state court.

*In re St. Paul Self Storage Ltd. P'ship*, 185 B.R. 580, 582–83 (B.A.P. 9th Cir. 1995). This list is non-exhaustive.

Here, Creditors have sufficiently established by a preponderance of evidence that there is cause for conversion owing to the Arbitration. The latter took place over fourteen days (ECF No. 19). And on May 12, 2023, the Arbitrator issued comprehensive findings. *Id.* They reflect that Debtor has a history of gross mismanagement, breach of fiduciary duty, and bad faith. *Id.*

Before the Arbitration, Debtor transferred millions away from TopDevz. *Id.* But "[d]espite the blizzard of paper produced by Rajaee during the course of the April 2022 hearing proceedings, Rajaee did not produce any records that substantiated or explained" over $7 million in expenses and transfers. *Id.* He failed to establish a business justification for the transfers. On January 6, 2022, the Arbitrator ordered dissolution and removed Debtor as the managing member. *Id.* He immediately violated that order by transferring over a million dollars into his Canadian bank account – that is now at a zero balance *see* ECF No. 27. *Id.* When the Arbitrator later ordered turnover of the January 6th transfer, Debtor failed to comply. *Id.*

Not only has Debtor exhibited a predilection for violating court orders, he has breached his fiduciary duties. He owed TopDevz such a duty as its CEO and managing member. His

mismanagement of TopDevz's funds – by transferring them to himself or his affiliates – and defalcation on January 6, 2022 rendered TopDevz unable to make payroll and forced it into dissolution. *Id.* Debtor concealed his self-dealing and the true state of affairs of TopDevz' finances. *Id.* One of his duties was to keep accounting, but he was "unable or unwilling to (a) provide a complete set of bank statements, or (b) explain how these transactions – many of which were six figures – benefitted the LLC." *Id.*

Debtor's litigation history likewise suggests bad faith. He attempted to enjoin the arbitration twice: first in the San Diego Superior Court and then in the Sacramento Superior Court. *Id.* Both courts denied the requests. *Id.* Moreover, filing the same action in a different court after being denied in another suggests forum shopping and bad faith litigation tactics. And Debtors have appealed the San Diego Court's judgment affirming the Arbitration award but have not posted a bond. This is suspect under Ninth Circuit precedent. *See Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 829 (9th Cir. 1994) (holding that there is cause for conversion when a petition is filed to avoid posting a bond, debtors have financial means, and there is no business disruption). Debtors are individuals and assert no business disruption (ECF No. 1). And they filed for Chapter 11 relief despite scheduling sufficient assets to pay all their debts. *Id.* While solvency on its own is not an indication of bad faith *per se*, their schedules reflect financial means to pay all their creditors. Thus, Debtors' financial viability is apparently dubious. *See In re Marsch*, 36 F.3d at 829.

Finally, Debtors did not schedule Monster Mobile until the most recent amendment (ECF No. 29). And they stated in their opposition that "Debtor's technology company worth tens of millions, which was valued in 2020, for the intellectual property alone at $16.15 million" (ECF No. 24). But nowhere in Debtors' schedules is there a company valued at $16.15 million (ECF No. 1). Only in oral argument did counsel clarify that Debtor holds merely a 24% interest in the technology company, and that it was scheduled in Schedules A/B, Part 4. This supports the Arbitrator's findings on Debtor's lack of credibility (*see* ECF No. 19).[1]

Therefore, the court finds there is cause for conversion. And the burden now shifts to Debtors to "demonstrate by evidence that unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." *In re Hoyle*, 2013 WL 210254, at *13 (internal citations omitted). Unless they meet this burden, relief is mandatory. *In re Hoyle*, 2013 WL 210254, at *13 (citing *In re Roman Kholyavka*, 2008 WL 3887653, at *3 (Bankr. E.D. Pa. 2008)).

> "Those burdens are not just to show "unusual circumstances," but also to satisfy § 1112(b)(2)(A) and (B)(i) and (ii). Thus the Court must convert this case unless: (1) there are proven unusual circumstances that establish such relief is not in the best interests of creditors and the estate, and (2) the debtor establishes (a) there is a reasonable likelihood a plan will be confirmed within a reasonable period of time

---

[1] The Arbitrator found that "Rajaee is one of the least credible witnesses the undersigned Arbitrator has ever heard testify, not just because Rajaee gave inconsistent testimony, but because he did so without acknowledging the contradiction and his seeming indifference to the oath he took, promising to answer truthfully all questions posed to him in the arbitration. Instead, over the course of the December 2021 and April 2022 Hearing proceedings, Rajaee testified as if the truth was something that he could change from day to day depending on his then current need, objective, whim, or state of mind." (ECF No. 19).

and (b) the grounds for finding cause include an act or omission (i) for which there exists a reasonable justification and (ii) the acts or omissions will be cured within a reasonable period of time set by the Court."

*Id.* Debtors assert that their allegedly newly discovered evidence and likelihood of prevailing on appeal are unusual circumstances. The argument is not well taken. Opposing the existing factual record is not an unusual circumstance. Debtors assert a delay in recovery to unsecureds and the expense of a trustee if one is appointed. And they argue conversion to Chapter 7 does not benefit creditors because their assets are illiquid. Indeed, they represented on the record that they preferred dismissal to conversion.

But "regardless of the parties' arguments, the bankruptcy court has an independent obligation under § 1112 to consider a dismissal's impact on what would happen to all creditors on dismissal and, in light of its analysis, whether dismissal or conversion would be in the best interest of all creditors, not just the largest and most vocal creditor." *In re Sullivan*, 522 B.R. 604, 612–13 (B.A.P. 9th Cir. 2014). And a bankruptcy court abuses its discretion if it fails to consider whether conversion or dismissal is in the creditors' and the estate's best interests. *Id*.

The court finds that conversion is in the best interest of creditors. Appointment of a Chapter 11 trustee runs afoul of the Thirteenth Amendment. And if Debtors were allowed to remain in Chapter 11, insider compensation would be supported by the bankruptcy estate, and those funds would no longer be available for distribution to creditors. Further, Debtors have not established the likelihood of a plan and have scheduled no income to fund a successful plan. Upon dismissal, creditors would be left to seek relief under state law – resulting in the multiplication of litigation and threatening "the estate's value as an economic enterprise" and creditors' recovery. *In re Hoyle*, 2013 WL 210254, at *15. Further, the court found that Debtor has exhibited bad faith and engaged in misconduct prepetition, so "creditors are in need of a chapter 7 case to protect their interests." *In re Rand*, No. AZ-10-1160, 2010 WL 6259960, at *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (citation omitted). Thus, conversion to a case under Chapter 7 is in creditors' best interest.

As detailed above, Debtors have exhibited bad faith and untrustworthiness. And currently, they are the only party with standing to claw back any fraudulent prepetition transfers. Further, they assertedly have sufficient assets to cover all their debts: they schedule $90 million in assets and $20 million in liabilities (ECF No. 1). So under Chapter 7 liquidation, creditors should be paid in full.

## Conclusion

For the above reasons, the court **grants** Creditors' motion and forthwith **converts** the case to one under Chapter 7. All related Chapter 11 deadlines and hearings are **vacated**.

IT IS SO ORDERED.

Signed by Judge Christopher B. Latham May 9, 2024