**CSD 1001A** [07/01/18]

Name, Address, Telephone No. & I.D. No.

Jesse S. Finlayson, SBN 179443

jfinlayson@ftrlfirm.com

Finlayson Toffer Roosevelt & Lilly LLP

15615 Alton Parkway, Suite 270

Irvine, CA 92618

Phone: 949.759.3810 / Fax: 949.759.3812

**Order Entered on**
October 15, 2024
**by Clerk U.S. Bankruptcy Court**
**Southern District of California**

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

ASHKAN MIRFAKHR RAJAEE and NASSIM RAJAEE

Debtor.

BANKRUPTCY NO. 24-00617-CL7

Date of Hearing:  N/A
Time of Hearing:  N/A
Name of Judge:  Judge Christopher B. Latham

## ORDER ON

### NOTICE OF INTENDED ACTION TO APPROVE THE SETTLEMENT AGREEMENT BETWEEN CHAPTER 7 TRUSTEE AND BROWN NERI SMITH & KHAN, LLP

The court orders as set forth on the continuation pages attached and numbered ___2___ through ___25___ with exhibits, if any, for a total of ___25___ pages.  Motion/Application Docket Entry No. ___109___.

//

//

//

//

//

//

//

DATED:  October 15, 2024

Judge, United States Bankruptcy Court

CSD 1001A

**CSD 1001A** [07/01/18]**(Page 2)**

ORDER ON NOTICE OF INTENDED ACTION TO APPROVE THE SETTLEMENT AGREEMENT BETWEEN
DEBTOR: ASHKAN MIRFAKHR RAJAEE and NASSIM RAJAEE                    CASE NO: 24-00617-CL7

---

On September 18, 2024, Christopher R. Barclay (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Ashkan Rajaee and Nassim Rajaee, filed and served a Notice of Intended Action [ECF No. 109] (the "NOIA"). The NOIA seeks an order approving the Settlement Agreement dated September 12, 2024 between the Trustee and Brown Neri Smith & Khan, LLP and related relief.  A file-stamped copy of the NOIA and Proof of Service is attached as Exhibit "1" to this Order.  No opposition to the NOIA was filed.

IT IS HEREBY ORDERED that:

1. The NOIA is granted in its entirety and the Settlement Agreement (attached to the NOIA as Exhibit "B") is approved.

2. The Trustee is authorized to perform the terms of the Settlement Agreement.

Signed by Judge Christopher B. Latham October 15, 2024

# EXHIBIT 1

CSD 2062 [08/01/24]
Court Telephone: (619) 557-5620
www.casb.uscourts.gov

Jesse S. Finlayson, SBN 179443
Finlayson Toffer Roosevelt & Lilly LLP
15615 Alton Parkway, Suite 270
Irvine, CA 92618
jfinlayson@ftrlfirm.com; ph: (949) 759-3810; fax: (949) 759-3812

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

ASHKAN MIRFAKHR RAJAEE and NASSIM RAJAEE

BANKRUPTCY NO.  24-00617-CL7

Debtor(s)

### TRUSTEE'S NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING

TO THE DEBTOR, ALL CREDITORS AND OTHER PARTIES IN INTEREST:

**You are hereby notified** that the undersigned Trustee proposes to:

☒　Compromise or settle the following controversy [description of controversy to be settled and standards for approval of a settlement as required by LBR 9019]; or
　　See Attachment and Declaration of Christopher R. Barclay.

☐　Allowance of compensation or reimbursement of expenses by trustee in the amounts indicated below [information required by FRBP 2002(c)(2)]; or
　　　　Fees:
　　　　Costs:

☐　Other:

IF YOU OBJECT TO THE PROPOSED ACTION:

1.　**You are required** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to this bankruptcy case. Determine which deputy to call by looking at the Bankruptcy Case No. in the caption on Page 1 of this notice. If the case number is followed by the letters:

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| - | CL  | - | call (619) 557-6019 | - | DEPARTMENT ONE (Room 218) |
| - | JBM | - | call (619) 557-5157 | - | DEPARTMENT TWO (Room 110) |
| - | LT  | - | call (619) 557-5157 | - | DEPARTMENT THREE (Room 129) |

Signed by Judge Christopher B. Latham October 15, 2024

CSD 2062 [08/01/24]

2.  **Within 14[1]days from the date of this notice**, you are further required to serve a copy of your **Declaration in Opposition** and separate **Request and Notice of Hearing** [Local Form CSD 1184] upon the undersigned Trustee, together with any opposing papers. A copy of these documents must also be served upon the United States Trustee at 880 Front Street, Suite 3230, San Diego, CA 92101. The opposing declaration must be signed and verified in the manner prescribed by FRBP 9011, and the declaration must:

   a.  identify the interest of the opposing party; and

   b.  state, with particularity, the factual and legal grounds for the opposition.

3.  **You must** file the original of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West F Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

4.
   **If you fail to serve your "Declaration in Opposition to Intended Action" and "Request and Notice of Hearing"**

within the 14-day[1] period provided by this notice, **no hearing will take place**, you will lose your opportunity for hearing, and the Trustee may proceed to take the intended action.

Dated:  September 18, 2024              /s/ Jesse S. Finlayson
                                                 _____
                                                 ☐ Chapter 7 Trustee    ☒ Attorney for Chapter 7 Trustee
                                                 Address:  Finlayson Toffer Roosevelt & Lilly LLP
                                                             15615 Alton Parkway, Suite 270
                                                             Irvine, CA 92618
                                                 Phone No.:  (949) 759-3810
                                                 E-mail:      jfinlayson@ftrlfirm.com

---

[1]Depending on how you were served, you may have additional time for response. See FRBP 9006.

*In re Ashkan Mirfakhr Rajaee and Nassim Rajaee*
Case No. 24-00617-CL7

[Notice of Intended Action and Opportunity for Hearing]

Christopher R. Barclay (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Ashkan Rajaee and Nassim Rajaee (the "Debtors"), seeks an order approving the Settlement Agreement dated September 12, 2024 (the "Settlement Agreement") between the Trustee and Brown Neri Smith & Khan, LLP ("BNSK"). The Trustee's Declaration in Support of the Notice is attached as **Exhibit A** to this Notice. A true and accurate copy of the Settlement Agreement is attached to this Notice as **Exhibit B**. The Trustee submits the following information in compliance with Local Bankruptcy Rule 9019-1:

**Nature of the Controversy**

Beginning in early 2022, BNSK represented Mr. Rajaee in an arbitration against Tyler Davis, IDR Case No. 1-21-0001-9983 (the "Arbitration"), and several other matters. The Arbitration centered on Mr. Rajaee's dispute with Mr. Davis over ownership of TopDevz, LLC. BNSK provided legal services to Mr. Rajaee in connection with the Arbitration and other matters from approximately January 2022 to October 2022 and one other matter until early 2023.

At the time BNSK was retained, Mr. Rajaee owned the real property located at 6625 Muirlands Drive, San Diego, California 92037 (the "Property").

In or about February or March 2022, Mr. Rajaee transferred title to the Property to two (2) Qualified Personal Residence Trusts (the "Trusts").

The Trustee contends that the transfer of the Property to the Trusts for no consideration was a fraudulent transfer avoidable under 11 U.S.C. § 548 and applicable California law.

On or about April 7, 2022, Mr. Rajaee signed a Secured Promissory Note (the "BNSK Promissory Note") in favor of BNSK intended to cover payment of the firm's legal fees. On or about April 12, 2022, the Trusts executed a Deed of Trust and Assignment of Rent Securing Promissory Note (the "BNSK Deed of Trust") granting BNSK a lien on the Property securing Mr. Rajaee's obligations under the BNSK Promissory Note. The BNSK Deed of Trust was subsequently recorded in the Official Records of the County of San Diego.

The Trustee contends the BNSK Deed of Trust constituted a subsequent fraudulent transfer avoidable under 11 U.S.C. § 550. BNSK disputes the Trustee's allegations and contends that BNSK can assert a valid "good faith" defense under 11 U.S.C. § 550(b)(1).

On May 12, 2023, the Arbitrator issued a Final Award in the Arbitration. On August 15, 2023, the San Diego County Superior Court entered a Judgment confirming the Final Award. Mr. Rajaee contends that BNSK committed malpractice in connection with its representation of him in the Arbitration and other matters. Mr. Rajaee failed or refused to pay BNSK's invoices. BNSK disputes Mr. Rajaee's malpractice allegations.

Signed by Judge Christopher B. Latham October 15, 2024

On February 14, 2024, the Trusts transferred the Property back to Mr. Rajaee. The Trustee contends that the return of the Property to Mr. Rajaee was a tacit admission that the initial transfer to the Trusts was fraudulent and was intended to protect Mr. Rajaee's potential exemption claim in the home by unwinding the fraudulent transfer prior to bankruptcy. BNSK claims that it was unaware of the transfer of the Property back to Mr. Rajaee.

On February 26, 2024 (the "Petition Date"), the Debtors filed bankruptcy under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court.

On May 9, 2024, the Bankruptcy Court entered an order converting the Debtors' bankruptcy case from chapter 11 to chapter 7.

The Trustee is the duly authorized and appointed representative of the Debtors' bankruptcy estate pursuant to 11 U.S.C. § 704.

On May 1, 2024, BNSK filed Proof of Claim No. 10 in the Debtors' bankruptcy case (the "BNSK Proof of Claim"). The BNSK Proof of Claim asserts a secured claim in the amount of $758,060.07 based on the BNSK Deed of Trust. The BNSK claim amount includes (i) $608,644.11 in unpaid legal fees and expenses; (ii) a one-time late fee of $64,191.26 due under the BNSK Promissory Note; and (iii) $85,224.70 in accrued interest at 8% per annum under the BNSK Promissory Note.

The Trustee is currently attempting to sell the Property. The Property is currently listed for sale with an asking price of $6,499,000. The Property may sell for an amount less than the listing price. According to the Debtors' Schedules and the filed Proofs of Claim, the Property is subject to three deeds of trust: (i) a first-priority lien in favor of Citibank, N.A., as trustee of COLT 2022-4 Trust, in the amount of $4,680,471.20; (ii) the second-priority BNSK Deed of Trust in the amount of $758,060.07; and (iii) a third-priority deed of trust in the amount of $120,000 recorded by Majid Rajaee. The Trustee understands that Majid Rajaee is Ashkan Rajaee's father. The Debtors have also claimed a homestead exemption in the Property in the amount of $699,420.

The Trustee and BNSK have now reached a settlement to resolve these issues.

**The Terms of the Settlement**

The key terms of the Settlement Agreement are as follows:

- The Settlement Agreement shall become effective upon entry of an Order by the Bankruptcy Court approving the Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Approval Order").

- Upon entry of the Approval Order, the BNSK Deed of Trust shall be deemed avoided, in part, as follows: (a) BNSK shall retain a lien against the Property in the amount of $175,000 secured by the BNSK Deed of Trust; and (b) the remainder of the BNSK Deed of Trust totaling $583,060.07 plus interest from the Petition Date at 8% per annum on the full principal due under the BNSK Promissory Note (the unpaid legal fees and expenses totaling $608,644.11) shall be avoided and preserved for the benefit of the bankruptcy estate under Bankruptcy Code § 551.

- Upon entry of the Approval Order, the BNSK Proof of Claim shall be deemed (a) reduced in amount to $575,000 less any amount actually received by BNSK from the sale of the Property under the preceding paragraph; and (b) allowed solely as a general unsecured claim in that reduced amount in the Debtors' bankruptcy case.

- BNSK consents to the sale of the Property "free and clear" of the BNSK Deed of Trust under 11 U.S.C. § 363(f).  The Trustee retains the right to abandon the Property under 11 U.S.C. § 554 if necessary and appropriate in the Trustee's business judgment.

- The parties exchange general mutual releases.

## The Financial Impact upon the Estate

Under the terms of the proposed settlement, the BNSK Deed of Trust will be deemed partially avoided and preserved for the benefit of the bankruptcy estate.  The Trustee's interest in the BNSK Deed of Trust will be $583,060.07 plus interest from the Petition Date at 8% per annum on the full principal due under the BNSK Promissory Note.  The exact amount the Trustee receives on account of the avoided/preserved BNSK Deed of Trust will depend on the Property's ultimate sale price.  However, based on the Trustee's marketing efforts and the status of the potential sale of the Property to date, the Trustee believes it is likely the estate will receive a substantial payment on account of the BNSK Deed of Trust (and potentially payment in full).  Absent a settlement with BNSK, it is conceivable the estate would receive nothing from a potential sale of the Property.  In addition, BNSK has agreed to reduce its unsecured claim to $575,000, which will materially benefit the estate's other unsecured creditors.  In return, the Trustee is waiving the estate's potential malpractice claim against BNSK.

## The Settlement Agreement Complies with the Requirements for Settlement Approval under Controlling Case Law Authority

Compromises and settlements in bankruptcy should be approved if they are "fair and equitable."  *Martin v. Kane (In re A&C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986).  This Court should consider the following factors in considering whether a proposed settlement is fair and equitable:

(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A&C Props.*, 784 F.2d at 1381; *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988).

Basic to this determination is consideration of the "likely rewards of litigation."  *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968).  The Bankruptcy Court is not required to decide the numerous questions of law and facts raised by the litigation.  Instead, the Bankruptcy Court's responsibility is only to "canvass the issues to see

whether the settlement 'falls below the lower point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 613 (2d Cir. 1983).

      Here, the proposed settlement meets these requirements.  First, while the Trustee believes the estate would prevail in an avoidance action against BNSK, the firm has asserted a "good faith" defense, and the outcome is not 100% certain.  Similarly, the Trustee believes that prevailing on a malpractice claim against BNSK would be difficult.  Given several of the findings in the Final Award, it would likely be very difficult to establish that the Arbitrator's ruling was the result of BNSK's malpractice (as opposed to problems with Mr. Rajaee's testimony) and that the outcome of the Arbitration would have been different.  The Trustee believes that the proposed settlement appropriately takes these issues into consideration and reflects a fair and reasonable compromise.  Second, the Trustee does not believe there would be substantial difficulties in collecting from BNSK.  As such, this factor is neutral.  Third, the expense, uncertainty, and delay that would result from litigation weighs heavily in favor of the proposed settlement.  Finally, the proposed settlement is clearly in the paramount interest of creditors.  At this point, the bankruptcy estate is essentially insolvent.  The Trustee does not currently have funds necessary to deal with the various legal issues in this complex case.  The proposed settlement with BNSK is an important first step towards allowing the Trustee to effectively administer this estate.

* * *

      For these reasons, the Trustee requests that the Bankruptcy Court enter an order approving the Settlement Agreement.

# EXHIBIT A

## DECLARATION OF CHRISTOPHER R. BARCLAY

I, Christopher R. Barclay, declare:

1.    I am the chapter 7 trustee for the bankruptcy estate of Ashkan Rajaee and Nassim Rajaee (the "Debtors"). I have personal knowledge of the facts stated in this declaration, and if called as a witness, I could and would testify competently to these facts under oath, except to matters which are stated on information and belief, and as to those facts, I am informed and believe that they are true.

2.    I submit this declaration in support of the Notice of Intended Action and Opportunity for Hearing (the "Notice") requesting approval of my proposed settlement with Brown Neri Smith & Khan, LLP ("BNSK").

3.    A true and accurate copy of the Settlement Agreement dated September 12, 2024 (the "Settlement Agreement") with BNSK is attached as Exhibit B to the Notice.

4.    The facts stated in the Attachment to the Notice are accurate to the best of my knowledge. Unless otherwise indicated, capitalized terms in this Declaration have the meaning given to them in the Notice.

5.    Under the Settlement Agreement, the BNSK Deed of Trust will be deemed partially avoided and preserved for the benefit of the bankruptcy estate. The portion of the BNSK Deed of Trust avoided and preserved for the estate will be $583,060.07 plus interest from the Petition Date at 8% per annum on the full principal due under the BNSK Promissory Note. The exact amount the estate receives on account of the avoided/preserved BNSK Deed of Trust will depend on the Property's ultimate sale price. However, based on my marketing efforts and the status of the potential sale of the Property to date, I believe it is likely the estate will receive a substantial payment on account of the BNSK Deed of Trust (and potentially payment in full). Absent a settlement with BNSK, it is conceivable the estate would receive nothing from a potential sale of the Property. In addition, BNSK has agreed to reduce its unsecured claim to $575,000, which will materially benefit the estate's other

1

1   unsecured creditors.  In return, I am waiving the estate's potential malpractice claim
2   against BNSK as part of the settlement.

3       6.      I weighed several factors in negotiating and ultimately agreeing to the
4   compromise set forth in the Settlement Agreement, using the best information that was
5   available to me.

6       7.      I believe that the proposed settlement is in the best interest of creditors
7   and the estate for the reasons stated in the Attachment to the Notice.  At this point, the
8   Debtors' bankruptcy estate is essentially insolvent.  The estate does not currently have
9   funds necessary to deal with the various legal issues in this complex case.  The
10  proposed settlement with BNSK is an important first step towards effectively
11  administering this estate.  Accordingly, I believe that the compromise reflected in the
12  Settlement Agreement, which was negotiated at arm's length, constitutes a significant
13  and meaningful benefit to the Debtors' estate and will benefit the Debtors' creditors.

14      I declare under penalty of perjury under the laws of the United States of
15  America that the foregoing is true and correct.

16      Executed on September _16_, 2024, in San Diego, California.

18  CHRISTOPHER R. BARCLAY

2

# EXHIBIT B

Signed by Judge Christopher B. Latham October 15, 2024

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is entered into this 12th day of September 2024, by and between Christopher R. Barclay (the "Trustee"), solely in his capacity as chapter 7 trustee for the bankruptcy estate of Ashkan Rajaee and Nassim Rajaee (the "Debtors"), in U.S.B.C. Case No. 24-00617-CL7 (the "Bankruptcy Case"), and Brown Neri Smith & Khan, LLP ("BNSK"), with reference to the following recitals:

# RECITALS

A.      Beginning in early 2022, BNSK represented Mr. Rajaee in an arbitration against Tyler Davis, IDR Case No. 1-21-0001-9983 (the "Arbitration"), and several other matters.  The Arbitration centered on Mr. Rajaee's dispute with Mr. Davis over ownership of TopDevz, LLC. BNSK provided legal services to Mr. Rajaee in connection with the Arbitration and other matters from approximately January 2022 to October 2022 and one other matter until early 2023.

B.      At the time BNSK was retained, Mr. Rajaee owned the real property located at 6625 Muirlands Drive, San Diego, California 92037, APN: 352-352-08-00 (the "Property").

C.      On or about February 21, 2022, Mr. Rajaee executed a Grant Deed (the "QPRT Grant Deed") transferring an undivided 50% interest in the Property to Nima Ashbari, as Trustee of the 6625 Muirlands Drive Qualified Personal Residence Trust #1, and the remaining 50% undivided interest in the Property to Nima Ashbari, as Trustee of the 6625 Muirlands Drive Qualified Personal Residence Trust #2 (collectively, the "Trusts").

D.      On March 10, 2022, the QPRT Grant Deed was recorded in the Official Records of the County of San Diego as Document No. 2022-0109008.

E.      The Trustee contends that the transfer of the Property to the Trusts pursuant to the QPRT Grant Deed for no consideration was a fraudulent transfer avoidable under 11 U.S.C. § 548 and applicable California law.

F.      On or about April 7, 2022, Mr. Rajaee signed a Secured Promissory Note (the "BNSK Promissory Note") in favor of BNSK intended to cover payment of the firm's legal fees.  On or about April 12, 2022, the Trusts executed a Deed of Trust and Assignment of Rent Securing Promissory Note (the "BNSK Deed of Trust") granting BNSK a lien on the Property securing Mr. Rajaee's obligations under the BNSK Promissory Note.

G.      On April 15, 2022, the BNSK Deed of Trust was recorded in the Official Records of the County of San Diego as Document No. 2022-0165698.

H.      The Trustee contends the BNSK Deed of Trust constituted a subsequent fraudulent transfer avoidable under 11 U.S.C. § 550.  BNSK disputes the Trustee's allegations and contends that BNSK can assert a valid "good faith" defense under 11 U.S.C. § 550(b)(1).

1

I.      On May 12, 2023, the Arbitrator issued a Final Award in the Arbitration.  On August 15, 2023, the San Diego County Superior Court entered a Judgment confirming the Final Award.  Mr. Rajaee apparently contends that BNSK committed malpractice in connection with its representation of Mr. Rajaee in the Arbitration and other matters.  Mr. Rajaee failed or refused to pay BNSK's invoices.  BNSK disputes Mr. Rajaee's malpractice allegations.

J.      On February 14, 2024, the Trusts executed a Grant Deed (the "Return Grant Deed") restoring title to the Property to Mr. Rajaee.  The Trustee contends that the return of the Property to Mr. Rajaee was an admission that the initial transfer to the Trusts was fraudulent and was intended to protect Mr. Rajaee's potential exemption claim in the home by unwinding the fraudulent transfer prior to bankruptcy.  BNSK claims that it was unaware of the Return Grant Deed.

K.      On February 16, 2024, the Return Grant Deed was recorded in the Official Records of the County of San Diego as Document No. 2024-0040842.

L.      On February 26, 2024 (the "Petition Date"), the Debtors commenced the Bankruptcy Case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of California (the "Bankruptcy Court").

M.      On May 9, 2024, the Bankruptcy Court entered an order converting the Bankruptcy Case from chapter 11 to chapter 7.

N.      The Trustee is the duly authorized and appointed representative of the Debtors' bankruptcy estate pursuant to 11 U.S.C. § 704.

O.      On May 1, 2024, BNSK filed Proof of Claim No. 10 in the Bankruptcy Case (the "BNSK Proof of Claim").  The BNSK Proof of Claim asserts a secured claim in the amount of $758,060.07 based on the BNSK Deed of Trust.  The BNSK claim amount includes (i) $608,644.11 in unpaid legal fees and expenses; (ii) a one-time late fee of $64,191.26 due under the BNSK Promissory Note; and (iii) $85,224.70 in accrued interest at 8% per annum under the BNSK Promissory Note.

P.      The Trustee is currently attempting to sell the Property.

Q.      The Trustee and BNSK believe it to be in their respective best interests to fully and finally resolve the dispute existing between them.  Therefore, for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Trustee and BNSK hereby agree as follows:

**AGREEMENT**

1.      <u>Incorporation of Recitals</u>.  Subject to this Agreement and the conditions stated herein, Recitals A through Q, inclusive, are incorporated herein by this reference.

Signed by Judge Christopher B. Latham October 15, 2024

2.      <u>Effectiveness of this Agreement</u>.  This Agreement shall become effective when and only when the Bankruptcy Court enters an order approving this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Approval Order").  If this Agreement is not approved by the Bankruptcy Court within 90 days after the date of this Agreement, this Agreement shall be null and void and of no force or effect, and shall not be admissible against the parties for any purpose.

3.      <u>The BNSK Deed of Trust</u>.

(a)      <u>Partial Avoidance and Preservation</u>.  Upon entry of the Approval Order, the BNSK Deed of Trust shall be deemed avoided, in part, as follows:  (a) BNSK shall retain a lien against the Property in the amount of $175,000 secured by the BNSK Deed of Trust; and (b) the remainder of the BNSK Deed of Trust totaling $583,060.07 plus interest from the Petition Date at 8% per annum on the full principal due under the BNSK Promissory Note (the unpaid legal fees and expenses totaling $608,644.11) shall be avoided and preserved for the benefit of the bankruptcy estate under Bankruptcy Code § 551.

(b)      <u>Payment from Escrow</u>.  Both BNSK and the Trustee may be paid their respective shares of any amounts due on account of the BNSK Deed of Trust directly from escrow out the proceeds of any sale of the Property by the Trustee.

(c)      <u>Pro Rata Payment in the Event the Sale Proceeds are Insufficient to Pay Full Lien Amount</u>.  In the event the Property sells for an amount insufficient to pay the entire amount due under the BNSK Deed of Trust after paying the costs of sale and senior claims, the amount available to pay the BNSK Deed of Trust shall be split pro rata between BNSK and the Trustee based on their proportional share of the BNSK Deed of Trust.  Solely as an illustration, if the Property were to sell for an amount leaving $500,000.00 available to pay the BNSK Deed of Trust after paying the costs of sale and senior claims, BNSK would receive an amount equal to 175/758 (23%) of the available funds ($115,000) and the Trustee would receive an amount equal to 583/758 (77%) of the available funds ($385,000).

4.      <u>The BNSK Allowed Unsecured Claim</u>.  Upon entry of the Approval Order, the BNSK Proof of Claim shall be deemed (a) reduced in amount to $575,000 less any amount actually received by BNSK from the sale of the Property under the preceding paragraph; and (b) allowed solely as a general unsecured claim in that reduced amount in the Bankruptcy Case (the "BSNK Allowed Unsecured Claim").  The BNSK Allowed Unsecured Claim shall be entitled to receive distributions from the bankruptcy estate, if any, in accordance with the priority scheme contained in 11 U.S.C. § 726.

5.      <u>"Free and Clear" Sale of the Property/Abandonment</u>.  BNSK consents to the sale of the Property "free and clear" of the BNSK Deed of Trust under 11 U.S.C. § 363(f).  The Trustee retains the right to abandon the Property under 11 U.S.C. § 554 if necessary and appropriate in the Trustee's business judgment.

6.      <u>Mutual General Releases</u>.

(a)      <u>Release by the Trustee</u>.  Except for the rights, duties, and obligations created or expressly preserved by this Agreement, the Trustee, on behalf of the Debtor's bankruptcy estate, his successors and assigns, hereby releases and forever discharges BNSK, its agents, partners, insurers, attorneys, accountants, representatives, successors, assigns, officers, directors, employees and stockholders, jointly and severally, from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs, and expenses (including, but not limited to, attorney's fees), damages, injuries, actions and causes of actions (including, but not limited to, all avoidance actions of any type), of whatever kind or nature, whether legal or equitable, known or unknown, suspected or unsuspected, contingent or fixed, arising out of or related to any matter whatsoever from the beginning of time to the date of this Agreement, including without limitation that BNSK committed malpractice, breached its fiduciary duty to the Debtors, or any other claims arising from or relating to any representation of the Debtors or any entities associated therewith.

(b)      <u>Release by BNSK</u>.  Except for the rights, duties, and obligations created or expressly preserved by this Agreement (including the rights with respect to the BNSK Deed of Trust retained under paragraph 3 above and the BNSK Allowed Unsecured Claim), BNSK, on its own behalf and on behalf of its successors and assigns, hereby releases and forever discharges the Trustee, all property of the Debtor's bankruptcy estate, the Debtor's bankruptcy estate, and their respective agents, attorneys, accountants, representatives, successors, and assigns, jointly and severally, from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs, and expenses (including, but not limited to, attorney's fees), damages, injuries, actions and causes of actions, of whatever kind or nature, whether legal or equitable, known or unknown, suspected or unsuspected, contingent or fixed, arising out of or related to any matter whatsoever from the beginning of time to the date of this Agreement.

(c)      <u>Acknowledgment and Waiver of California Civil Code § 1542</u>.  The parties expressly waive any and all rights under section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

**THE PARTIES EXPRESSLY WAIVE AND RELEASE ANY RIGHT OR BENEFIT WHICH THEY HAVE OR MAY HAVE UNDER SECTION 1542 OF THE CIVIL CODE OF THE STATE OF CALIFORNIA, AND ANY SIMILAR STATUTE, CODE, LAW AND/OR REGULATION OF THE UNITED STATES, OR ANY STATE THEREOF, OR ANY OTHER JURISDICTION OUTSIDE OF THE UNITED STATES, TO THE FULL EXTENT THAT THEY MAY WAIVE ALL SUCH RIGHTS AND BENEFITS PERTAINING TO THE MATTERS RELEASED HEREIN.**  In connection with such waiver and relinquishment, each party

4

acknowledges that the party is aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which the party now knows or believes to be true. Nevertheless, it is the intention of each party, through the party's release, to release all matters that are subject to this Agreement, and all claims relative thereto, which now exist, may exist, or heretofore have existed, in any jurisdiction or venue. In furtherance of such intention, the release herein given shall be and remain in effect as a full and complete release of such matters notwithstanding the discovery or existence of any such additional or different claims or facts relative thereto.

7. <u>Voluntary Settlement</u>. The parties acknowledge and agree that each of them is entering into this Agreement freely and voluntarily and not acting under any misapprehension as to the effect hereof, and has acted and does hereby act freely and voluntarily and not under any coercion or duress.

8. <u>No Mistake of Fact or Law</u>. In entering into this Agreement, each party recognizes that no facts or representations are ever absolutely certain. Accordingly, each party assumes the risk of any mistake, and if it/he should subsequently discover that any understanding of the facts or of the law was incorrect, each party understands and expressly agrees that it/he shall not be entitled to set aside this Agreement by reason thereof, regardless of any mistake of fact or law.

9. <u>Representations and Warranties</u>. The parties hereby represent and warrant to each other the following, each of which is a continuing representation and warranty:

(a) Each of the parties has received, or has had the ability to obtain, independent legal advice from attorneys of their choice with respect to the advisability of making the agreements provided herein and with respect to the advisability of executing this Agreement. The parties and their respective attorneys (if applicable) have made such investigation of the facts pertaining to this Agreement as they deem necessary.

(b) Except as otherwise expressly stated in this Agreement, the parties have not made any statement or representation to the other regarding any facts relied upon by them in entering into this Agreement, and each of them specifically does not rely upon any statement, representation or promise of the other party or any other person in entering into this Agreement, except as expressly stated in this Agreement. Each party has relied upon its/his own investigation and analysis of the facts and not on any statement or representation made by any other party in choosing to enter into this Agreement and the transactions contemplated herein.

10. <u>No Admission against Interest</u>. Nothing contained in this Agreement or negotiations and communications leading up to it shall be construed as admissions against the interest of any of the parties. Except to enforce this Agreement, the terms of this Agreement, including, without limitation, the recitals, representations and releases made by any party shall have no force or effect and will not be binding upon, enforceable against or deemed an admission or acknowledgment of any fact by any party. This Agreement shall not be admissible as evidence in any action or proceeding except to enforce this Agreement, or to carry out the actions contemplated herein.

11.    <u>Miscellaneous</u>.

(a)    Except as provided herein, all covenants, releases, warranties, representations and indemnities made by the parties to one another pursuant to this Agreement shall be and remain in full force and effect upon this Agreement becoming effective.

(b)    The parties agree to execute and deliver such other instruments and perform such acts as may be appropriate or reasonably necessary, from time to time, to effectuate the agreements and understandings of the parties, whether the same occur before or after the date of this Agreement.

(c)    This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and thereof and supersede all prior and contemporaneous agreements, whether oral or written, between the parties with respect thereto.  In addition, this Agreement may not be modified or amended, nor any of its provisions waived, except by an instrument in writing signed by the parties.

(d)    This Agreement shall inure to the benefit of and shall be binding upon the successors and assigns of the parties.

(e)    The headings of all sections of this Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit or aid in the construction or interpretation of any term or provision hereof.

(f)    To the extent that performance is to be governed by time, time shall be deemed to be of the essence hereof.

(g)    This Agreement is to be governed by and construed in accordance with federal bankruptcy law, to the extent applicable, and where state law is implicated, the laws of the State of California shall govern.  The Bankruptcy Court shall retain exclusive jurisdiction to enforce the provisions of this Agreement.

(h)    This Agreement may be executed and delivered in any number of counterparts, each of which, when executed and delivered, shall be deemed an original, and all of which together shall constitute the same Agreement.  This Agreement may also be executed by facsimile followed by delivery of the original executed Agreement.

(i)    This Agreement is the product of negotiations of the parties, and in the enforcement or interpretation hereof, is to be interpreted in a neutral manner, and any presumption with regard to interpretation for or against any party by reason of that party having drafted or caused to be drafted this Agreement, or any portion hereof, shall not be effective in regard to the interpretation hereof.

(j)    Each party hereto shall bear all of its/his respective costs and expenses, including attorney's fees, incurred in connection with all matters discussed herein and in the preparation, negotiation, execution, and required Bankruptcy Court approval of this Agreement.  In the event that it becomes necessary for any party to this Agreement to

Signed by Judge Christopher B. Latham October 15, 2024

take any action to interpret or enforce this Agreement, or any of its terms, and any party thereafter incurs costs (including attorney's fees) as a result thereof, the prevailing party in such dispute shall be entitled, in addition to any judgment or award, to an award for all costs incurred (including reasonable attorney's fees). The prevailing party shall further be entitled to an award of reasonable attorney's fees and related costs in connection with enforcement of any judgment, including enforcement following any appeal.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year listed in the introductory paragraph of this Agreement.

CHRISTOPHER R. BARCLAY,
**Solely in his Capacity as the Chapter 7 Trustee for the Bankruptcy Estate of Ashkan Rajaee and Nassim Rajaee in U.S.B.C. Case No. 24-00617-CL7**

By: _____
    Christopher R. Barclay
    Trustee

BROWN NERI SMITH & KHAN, LLP

By: _____
Name: Ethan J. Brown
Title: Managing Partner

BNSK Settlement Agreement -- FINAL.

7

take any action to interpret or enforce this Agreement, or any of its terms, and any party thereafter incurs costs (including attorney's fees) as a result thereof, the prevailing party in such dispute shall be entitled, in addition to any judgment or award, to an award for all costs incurred (including reasonable attorney's fees).  The prevailing party shall further be entitled to an award of reasonable attorney's fees and related costs in connection with enforcement of any judgment, including enforcement following any appeal.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year listed in the introductory paragraph of this Agreement.

**CHRISTOPHER R. BARCLAY,**
**Solely in his Capacity as the Chapter 7 Trustee**
**for the Bankruptcy Estate of Ashkan Rajaee and**
**Nassim Rajaee in U.S.B.C. Case No. 24-00617-**
**CL7**

By:_____
    Christopher R. Barclay
    Trustee

**BROWN NERI SMITH & KHAN, LLP**

By: _____
Name: Ethan J. Brown
Title:   Managing Partner

United States Bankruptcy Court

Southern District of California

In re:                                                           Case No. 24-00617-CL
Ashkan Mirfakhr Rajaee                                           Chapter 7
Nassim Rajaee
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0974-3                     User: Admin.                          Page 1 of 4
Date Rcvd: Sep 19, 2024                  Form ID: pdf905                       Total Noticed: 59

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 21, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Ashkan Mirfakhr Rajaee, Nassim Rajaee, 1968 S. Coast Hwy. #3550, Laguna Beach, CA 92651-3681 |
| cr | + | TopDevz LLC, c/o Marshack Hays Wood LLP, 870 Roosevelt, Irvine, CA 92620, UNITED STATES 92620-3663 |
| cr | + | Tyler Davis, c/o Marshack Hays Wood LLP, 870 Roosevelt, Irvine, CA 92620-3663 |
| 15112594 | + | Allan Cate, 888 Prospect Street, Suite 200, La Jolla, CA 92037-4261 |
| 15112597 | | Astute Legal Solicitors & Advocates, 36-37 Albert Embankment, London, SE17TL United Kingdom |
| 15073910 | | Astute Legal Solicitors & Advocates, 36-37 Albert Embankment, London,SE1 7TL United Kingdom |
| 15073911 | + | B Riley, Attn: Emily Hayes, 299 Park Avenue, 21st Fl, New York, NY 10171-0010 |
| 15073912 | | BMO Canada, P.O. Box 11064, Station Centre-Ville, Montreal QC H3C 5A2, |
| 15112600 | + | BNSK Attn: Ethan Brown, c/o Brown, Neri, Smith & Khan LLP, 11601 Wilshire Blvd., Suite 300, Los Angeles, CA 90025-0509 |
| 15073913 | + | BNSK Attn: Ethan Brown, c/o Brown, Neri, Smith & Khan LLP, 11601 Wilshire Blvdsuite 300, Los Angeles, CA 90025-0509 |
| 15095408 | + | Brown Neri Smith & Khan, LLP, 11601 Wilshire Blvd., Ste. 2080, Los Angeles, CA 90025-0389 |
| 15073914 | | Canada Revenue Agency, 1 Front St W, Toronto, ON CANADA, M5J 2X6 |
| 15112601 | | Canada Revenue Agency, 1 Front St W, Toronto, Ontario Canada M5J2X6 |
| 15073915 | | Capital One, P.O. Box 500, Stn. D, Scarborough,, Ontario CANADA, M1R 0C2 |
| 15073918 | + | Fox Rothchild, Attn: Glenda Martinez, 10250 Constellation Blvd. Ste 900, Seattle, WA 9067 |
| 15112605 | | Fox Rothchild, Attn: Glenda Martinez, 10250 Constellation Blvd. Ste. 900, Seattle, WA |
| 15083442 | + | Fox Rothchild LLP, Attn: Martha B. Chovanes, 2000 Market Street, 20th Fl., Philadelphia, PA 19103-3222 |
| 15073920 | + | Hub Suite, Inc., c/o Sergio Antonucci, 9159 w. Flamingo Rd, #115, Las Vegas, NV 89147-6454 |
| 15112607 | + | Hub Suite, Inc., 888 Prospect Street, Suite 200, La Jolla, CA 92037-4261 |
| 15073922 | + | J. Andrew Wright/ Steven J Pearse, Chapman Glucksman, 11900 W. Olympic Blvd. Ste. 800, Los Angeles, CA 90064-1146 |
| 15095387 | + | James & Kristine Benham, 1020 Genter St Unit 102, La Jolla, CA 92037-5542 |
| 15073923 | + | Kopple Klinger & Elbaz LLP, Attn: Leslie Klinger, 10866 Wilshire Blvd Suite 1500, Los Angeles, CA 90024-4355 |
| 15073925 | + | Lone Mountain Aircraft, 1251 W Blee Rd, Hangar 1, Springfield, OH 45502-8902 |
| 15073924 | + | Lone Mountain Aircraft, c/o Jonathan Ewing, Aero Law Center, 1100 Lee Wagener Blvd., Ste 211, Fort Lauderdale, FL 33315-3571 |
| 15073927 | | Majid Roudbari, 54 Loggers Trail, Stouffville, Ontario Canada |
| 15073928 | + | Media Magnet, LLC, 1401 21st St., Ste R, Sacramento, CA 95811-5226 |
| 15118533 | | Midway Rent A Car, Inc., The Molino Firm, PLC, 4751 Wilshire Blvd., Ste. 207, Los Angeles, CA 90010-3860 |
| 15073929 | + | Midway Rent a Car, Inc., c/o Richard Scott The Molino Firm, 4751 Wilshire Blvd. Ste. 207, Los Angeles, CA 90010-3860 |
| 15112618 | | Miller Thomson LLP Attn: Miller Thomson, Scotia Plaza 40 King Street West, Suite 5800, PO Box 1011, Toronto, N MSH 3S1 Canada |
| 15073930 | | Miller Thomson LLP Attn: Millter Thomson, Scotia Plaza 40 King Street West, Suite 5800, P.O. Box 1011, Toronto, N M5H 3S1 Canada |
| 15095388 | + | Montefaro Owners Association, 9663 Tierra Grande St. #206, San Diego, CA 92126-4571 |
| 15118532 | | Richard Scott, The Molino Firm PLC, 4751 Wilshire Blvd., Ste. 207, Los Angeles, CA 90010-3860 |
| 15073931 | + | San Diego City Administration, 202 C St., San Diego, CA 92101-3873 |
| 15073932 | | San Diego County Treasurer Tax Collector, 1600 8. Pacific Hwy, Room 162, San Diego, CA 92101 |
| 15112622 | + | Scripps Hospital, 10790 Rancho Bernardo Road, San Diego, CA 92127-5705 |
| 15073934 | + | TopDevs, LLC, Attn: Tyler Davis, 149 Parkshore Drive, Folsom, CA 95630-4896 |
| 15095390 | + | TopDevz, c/o Marshack Hays Wood LLP, 870 Roosevelt, Irvine, CA 92620-3663 |
| 15073935 | + | TopDevz, LLC, Attn: Tyler Davis, 149 Parkshore Drive, Folsom, CA 95630-4896 |
| 15073936 | + | TopDevz, LLC and Tyler Davis, c/o Kenneth R. Reynolds, Esq., 2020 Hurley Way, Suite 210, Sacramento, CA 95825-3212 |
| 15095389 | + | Tyler B. Davis, 870 Roosevelt, Irvine, CA 92620-3663 |
| 15073937 | + | Wells Fargo, 150 E. 42nd Street, New York, NY 10017-5612 |
| 15112627 | + | Words Reporting Service, 325 Carlsbad Village Drive, Suite D2, Carlsbad, CA 92008-2928 |

Signed by Judge Christopher B. Latham October 15, 2024

District/off: 0974-3 | User: Admin. | Page 2 of 4
Date Rcvd: Sep 19, 2024 | Form ID: pdf905 | Total Noticed: 59

TOTAL: 42

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 15073908 | + | Email/PDF: bncnotices@becket-lee.com | Sep 19 2024 22:59:29 | American Express, P.O. Box 981535, El Paso, TX 79998-1535 |
| 15073909 | + | Email/PDF: bncnotices@becket-lee.com | Sep 19 2024 22:59:28 | American Express Legal, Attn: Aaron Baldaro, 199 S Los Robles Avenue No. 540, Pasadena, CA 91101-4680 |
| 15085816 | | Email/PDF: bncnotices@becket-lee.com | Sep 19 2024 22:59:05 | American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701 |
| 15073916 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Sep 19 2024 22:59:19 | Capital One Financial Corp, 1680 Capital One Drive, McLean, VA 22102-3407 |
| 15112602 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Sep 19 2024 22:59:28 | Capital One Financial Corp, 1680 Capital One Drive, Mc Lean, VA 22102-3407 |
| 15077125 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Sep 19 2024 23:09:40 | Capital One N.A., by American InfoSource as agent, PO Box 71083, Charlotte, NC 28272-1083 |
| 15073917 | + | Email/Text: qlsbankruptcyhub@mccarthyholthus.com | Sep 19 2024 22:57:00 | Citibank N.A., c/o Quality Loan Service Corp, 2763 Camino Del Rio S, San Diego, CA 92108-3708 |
| 15112604 | + | Email/Text: qlsbankruptcyhub@mccarthyholthus.com | Sep 19 2024 22:57:00 | Citibank N.A., c/o Quality Loan Service Corp, 2763 Camino Del Rio So, San Diego, CA 92108-3708 |
| 15095471 | | Email/Text: BKSPSElectronicCourtNotifications@spservicing.com | Sep 19 2024 22:57:00 | Citibank, N.A., c/o Select Portfolio Servicing, Inc., P.O. Box 65250, Salt Lake City, UT 84165-0250 |
| 15095574 | + | Email/Text: RASEBN@raslg.com | Sep 19 2024 22:57:00 | Citibank, N.A., Robertson, Anschutz, Schneid, Crane, 13010 Morris Road., Suite 450, Alpharetta, GA 30004-2001 |
| 15083442 | ^ | MEBN | Sep 19 2024 22:51:01 | Fox Rothschild LLP, Attn: Martha B. Chovanes, 2000 Market Street, 20th Fl., Philadelphia, PA 19103-3222 |
| 15073919 | | Email/Text: BKBNCNotices@ftb.ca.gov | Sep 19 2024 22:57:00 | Franchise Tax Board, Bankruptcy Section, MS: A-340, P. O. Box 2952, Sacramento, CA 95812-2952 |
| 15073921 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Sep 19 2024 22:57:00 | Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 15112621 | ^ | MEBN | Sep 19 2024 22:50:52 | San Diego County Treasurer Tax, 1600 S. Pacific Hwy., Room 162, San Diego, CA 92101-2477 |
| 15120125 | ^ | MEBN | Sep 19 2024 22:50:55 | San Diego County Treasurer-Tax Collector, Attn: Bankruptcy Desk, 1600 Pacific Highway, Room 162, San Diego, CA 92101-2477 |
| 15073933 | ^ | MEBN | Sep 19 2024 22:50:56 | Select Portfolio Servicing, Inc., c/o National Default Servicing Corp, 7720 N. 16th St, Ste. 300, Phoenix, AZ 85020-7404 |
| 15079108 | + | Email/PDF: ais.wellsfargo.ebn@aisinfo.com | Sep 19 2024 22:59:22 | Wells Fargo Bank Small Business Lending Division, PO Box 29482 MAC S4101-08C, Phoenix, AZ 85038-9482 |
| 15084576 | | Email/PDF: ais.wellsfargo.ebn@aisinfo.com | Sep 19 2024 22:59:03 | Wells Fargo Bank, N.A., Wells Fargo Card Services, PO Box 10438, MAC F8235-02F, Des Moines, IA 50306-0438 |

TOTAL: 18

# BYPASSED RECIPIENTS

District/off: 0974-3      User: Admin.      Page 3 of 4

Date Rcvd: Sep 19, 2024      Form ID: pdf905      Total Noticed: 59

The following addresses were not sent this bankruptcy notice due to an undeliverable address, duplicate of an address listed above, duplicate of a preferred address, or out of date forwarding orders with USPS

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 15112595 | + | American Express, P.O. Box 981535, El Paso, TX 79998-1535 |
| 15112596 | + | American Express Legal, Attn: Aaron Baldaro, 199 S. Los Robles Ave. No. 540, Pasadena, CA 91101-4680 |
| 15112598 | + | B Riley, Attn: Emily Hayes, 299 Park Avenue, 21st Floor, New York, NY 10171-0010 |
| 15112599 | | BMO Canada, P.O. Box 11064, Station Centre-Ville Montreal QC H3C 5A2 |
| 15112603 | | Capital One, PO Box 500, Stn. D, Scarborough, Ontario CANADA, M1R 0C2 |
| 15112606 | + | Franchise Tax Board, Bankruptcy Section, MS: A-340, P.O. Box 2952, Sacramento, CA 95812-2952 |
| 15112608 | + | Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 15112609 | + | J. Andrew Wright/ Steven J Pearse, Chapman Glucksman, 11900 W. Olympic Blvd. Ste. 800, Los Angeles, CA 90064-1146 |
| 15112610 | + | James & Kristine Benham, 1020 Genter St Unit 102, La Jolla, CA 92037-5542 |
| 15112611 | + | Kopple Klinger & Elbaz LLP, Attn: Leslie Klinger, 10866 Wilshire Blvd., Suite 1500, Los Angeles, CA 90024-4355 |
| 15112614 | + | Lone Mountain Aircraft, 1251 W Blee Rd, Hangar 1, Springfield, OH 45502-8902 |
| 15112613 | + | Lone Mountain Aircraft, c/o Jonathan Ewing, Aero Law Center, 1100 Lee Wagener Blvd., Suite 211, Fort Lauderdale, FL 33315-3571 |
| 15112612 | + | Lone Mountain Aircraft Management, LLC, Attn: Mark Rogers, 2460 Greentree Rd, Hngr. 12, Lebanon, OH 45036-9693 |
| 15112615 | | Majid Rajaee, 54 Loggers Trail, Stouffville, Ontario Canada |
| 15112616 | + | Media Magnet, LLC, 1401 21st Street, Suite R, Sacramento, CA 95811-5226 |
| 15112617 | + | Midway Rent a Car, Inc., c/o Richard Scott The Molino Firm, 4751 Wilshire Blvd., Ste. 207, Los Angeles, CA 90010-3860 |
| 15112619 | + | Montefaro owners Association, 9663 Tierra Grande St., #206, San Diego, CA 92126-4571 |
| 15112620 | + | San Diego City Administration, 202 C St., San Diego, CA 92101-3873 |
| 15112623 | + | Select Portfolio Servicing, Inc., c/o National Default Servicing Corp, 7720 N. 16th St., Ste. 300, Phoenix, AZ 85020-7404 |
| 15112624 | + | TopDevz, LLC, Attn: Tyler Davis, 149 Parkshore Drive, Folsom, CA 95630-4896 |
| 15112625 | + | TopDevz, LLC and Tyler Davis, c/o Kenneth R. Reynolds, Esq., 2020 Hurley Way, Suite 210, Sacramento, CA 95825-3212 |
| 15112626 | + | Wells Fargo, 150 E. 42nd Street, New York, NY 10017-5612 |
| 15073926 | ##+ | Lone Mountain Aircraft Management LLC, Attn: Mark Rogers, 2460 Greentree Rd HNGR 12, Lebanon, OH 45036-9693 |

TOTAL: 0 Undeliverable, 22 Duplicate, 1 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed R Bank P 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the judiciary's privacy policies.

Date: Sep 21, 2024      Signature:     /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 19, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Allan Otis Cate, Jr | on behalf of Defendant Ashkan Rajaee allan@acatelaw.com |
| Allan Otis Cate, Jr | on behalf of Debtor Ashkan Mirfakhr Rajaee allan@acatelaw.com |
| Allan Otis Cate, Jr | on behalf of Joint Debtor Nassim Rajaee allan@acatelaw.com |
| Allan Otis Cate, Jr | on behalf of Defendant Nassim Rajaee allan@acatelaw.com |
| Christopher R. Barclay | admin@crb7trustee.com, mlcunanan@crb7trustee.com;QCRBARCLAY2@ecf.axosfs.com |

Signed by Judge Christopher B. Latham October 15, 2024

David Edward Hays

on behalf of Creditor Tyler Davis ehays□ marshackhays.com
cmendoza□ marshackhays.com;ehays□ marshackhays.com;alinares□ ecf.courtdrive.com

David Edward Hays

on behalf of Plaintiffs Tyler Davis ehays□ marshackhays.com
cmendoza□ marshackhays.com;ehays□ marshackhays.com;alinares□ ecf.courtdrive.com

David Edward Hays

on behalf of Defendant TOPDEVZ  LLC ehays□ marshackhays.com,
cmendoza□ marshackhays.com;ehays□ marshackhays.com;alinares□ ecf.courtdrive.com

David Edward Hays

on behalf of Defendant Tyler Davis ehays□ marshackhays.com
cmendoza□ marshackhays.com;ehays□ marshackhays.com;alinares□ ecf.courtdrive.com

David Edward Hays

on behalf of Plaintiffs TopDevz LLC ehays□ marshackhays.com
cmendoza□ marshackhays.com;ehays□ marshackhays.com;alinares□ ecf.courtdrive.com

David Edward Hays

on behalf of Creditor TopDevz LLC ehays□ marshackhays.com
cmendoza□ marshackhays.com;ehays□ marshackhays.com;alinares□ ecf.courtdrive.com

Elvina Rofael

on behalf of United States Trustee United States Trustee elvina.rofael□ usdoj.gov
Tiffany.L.Carroll□ usdoj.gov;USTP.Region15□ usdoj.gov

Jesse S. Finlayson

on behalf of Trustee Christopher R. Barclay jfinlayson□ ftrlfirm.com  hkader□ ftrlfirm.com

Leslie A. Cohen

on behalf of Attorney Leslie Cohen Law PC leslie□ lesliecohenlaw.com  jaime□ lesliecohenlaw.com;olivia□ lesliecohenlaw.com

Sean C Ferry

on behalf of Claimant Citibank  N.A. sferry□ raslg.com, sean.ferry7□ ecf.courtdrive.com

United States Trustee

ustp.region15□ usdoj.gov


TOTAL: 16

Signed by Judge Christopher B. Latham October 15, 2024